The City Bank of Baltimore *vs.* Bateman.—June, 1826.

In an action against a banking company, where the sum of money in dispute was proved by other evidence to have belonged to the plaintiff, it was held competent for him to give in evidence the directions of the president and cashier, to. their inferior officers, in relation to the manner in which they were to apply such money in discharge of the debts of the bank, although the president and cashier were within reach of the court's process, as it was to be presumed they had authority to give such directions.

Although generally the admissions or declarations of third persons are inadmissible evidence; yet where the relation of principal and agent is established, the acts and declarations of the agent, within the scope of his authority, are as admissible evidence as the acts and declarations of the principal himself, but not so where they are made out of the limits of his authority; in the latter case the agent must be produced.

A declaration made by the president of the bank, to one of the inferior officers, that certain money, which had been brought into the bank by one of the directors, was the money of the plaintiff—*Held* not to be admissible evidence, because he had no authority, as president, to make such declaration, and because, although the corporate name of the bank was "The President," &c. and he is sued in that name, he is only so sued, and is only liable in his corporate capacity, and cannot be considered as a party on the record, so as to let his declarations in evidence against himself, but should be produced as a witness by the plaintiff, as he might be so produced, and compelled to testify, although he was also a stockholder, and his evidence might affect his interest as a stockholder.

Where the money of the plaintiff was used by the bank in paying notes of a denomination less than $5, called counter tickets, and which had been issued by the bank, signed, some by the cashier, some by the plaintiff, as

teller, and some by other officers of the bank, on such notes being brought in for payment, under an advertisement of the bank calling them in for that purpose—*Held*, that the plaintiff might recover the amount in an action of *assumpsit*, without an enquiry into the authority by which such notes were issued.

APPEAL from *Harford* County Court. *Assumpsit* by the appellee against the appellants, brought in *Baltimore* county court, and removed to *Harford* county court. The declaration contained *four* counts—for money laid out, expended and paid—had and received—lent and advanced—and on an *insimul computassent*. Plea, *non assumpsit*, and issue.

1. The plaintiff at the trial proved that he was the proprietor of ten kegs and one bag of dollars, containing in all $11,000, which were brought to the banking house of the defendants, without and against the will and consent of the plaintiff. He further offered in evidence, by *John S. Gittings*, who was a clerk of the defendants, that *Samuel Hollingsworth* was the president of the said bank, and *Robert Barry* the cashier *pro tempore*, and both of them were stockholders; and that they, *Hollingsworth* and *Barry*, while acting as president and cashier as aforesaid, told the witness to pay away the said money of the plaintiff, in discharge of the debts of the bank; which he accordingly did; and that *Hugh D. Evans*, a director of the bank, brought into the bank another bag of dollars, which *Hollingsworth* told the witness was the money of the plaintiff, and obtained in the same manner as the other, and directed him to pay it away, for the use of the bank, in the same manner as he had done the other, which he did. *Subpœnas* had issued, and had been served, by the plaintiff, on both *Barry* and *Hollingsworth*, but no further proceeding adopted to procure their attendance, although they were within the reach of the process of the court. To the admission of this evidence the defendants objected. But the Court, [*Archer*, Ch. J. and *Hanson* and *Ward*, A. J.] overruled the objection, and admitted the evidence to go to the jury. The defendants excepted.

2. The plaintiff then offered *Charles Gwinn* as a witness, it being admitted that he was, at the time of the transaction referred to, and still was, a stockholder in said bank; to whose competency, as a witness, the defendants objected, though the wit-

ness waived all objection on his part to be sworn in the cause. The court overruled the objection. The defendants excepted.

3. The plaintiff then offered in evidence, that several years before 1819, the City Bank of *Baltimore* caused a considerable number of notes, commonly called bank notes, to be issued for sums less than five dollars, and in some cases for sums less than a dollar; and that these notes were sometimes signed by the cashier, sometimes by the teller, *Bateman,* and sometimes by other officers of the bank, and were paid away and received by the bank in their transactions, in the same manner as were notes of a larger description. That when, on the 26th of May 1819, the bank failed, the president and directors advertised, requesting all persons holding these smaller notes to bring them into the bank, and receive specie for them. That accordingly such notes, to a considerable amount, were brought in by the holders of them, and were taken up by the officers of the bank, by paying specie for them; and that the payment of *Bateman's* money, spoken of by *John S. Gittings,* was, among other things, to redeem these small notes, or as he called them, counter-tickets. The defendants then prayed the court to direct the jury, that if they believed the evidence so given, the plaintiff was not entitled to recover. Which direction the court refused to give. The defendants excepted; and the verdict and judgment being against them, they appealed to this court.

The cause was argued at last June term, before BUCHANAN, Ch. J. and MARTIN and STEPHEN, J.

*Taney* and *Glenn,* for the Appellants, stated, that the only point to be determined was, whether the declarations of a member of a corporation were evidence against the corporation, where they are made at a time when he is not engaged in making a contract on behalf of the corporation? They contended, that they were not evidence; and cited *Bank of Columbia vs. Patterson,* 7 *Cranch,* 299, 305. 1 *Phill. Evid.* 77. 2 *Bac. Ab.* tit. *Corporations,* (E 3,) 13. The *Mayor, &c. of London vs. Long,* 1 *Campb.* 25; and *Taney vs. Kemp,* 4 *Harr. & Johns.* 348.

*Wirt,* (Attorney General of *U. S.*) and *R. Johnson,* for the

Appellee, cited 1 *Phill. Evid.* 50, 72.    *The King vs. Inhabitants of Hardwick,* 11 *East,* 577.    *The King vs. Inhabitants of Terrington,* 15 *East,* 471.    *The King vs. Inhabitants of Woburn,* 10 *East,* 395; and 1 *Liv. on Agency,* 44, 48, 49, 286, 392 to 394.

*Curia adv. vult.*

At this term the opinion of the court was delivered by

. BUCHANAN, Ch. J.    This case comes up on *three* bills of exceptions, taken at the trial on the part of the appellants.    The statement in the *first* bill of exceptions is, that the appellee proved he was the proprietor of ten kegs and one bag of dollars, containing in all $11,000, which were taken to the banking house of the appellants without and against his will and consent; and that he offered to prove by *John S. Gittings,* a clerk of the appellants, that *Samuel Hollingsworth* was the president, and *Robert Barry* the cashier *pro tempore,* of the institution, and were both of them stockholders; and that while acting as president and cashier, they told him the witness, to pay away the said money of the appellee in discharge of the debts of the institution, which he did; and that *Hugh D. Evans,* a director, took into the bank another bag of dollars, which the said *Hollingsworth* told the witness was also the money of the appellee, obtained in the same manner as the other, and directed him to pay it away for the use of the institution, as he had done the other, which he accordingly did.

The admissibility of the testimony of this witness was objected to on the part of the appellants, but the objection was overruled by the court before which the cause was tried; and whether it was admissible or not in the whole, or in part, is now submitted to this court for consideration.

To the admissibility of that part of the testimony of *John S. Gittings,* which relates to the ten kegs and one bag of dollars, that had before been proved to be the property of the appellee, there does not seem to be any well founded objection, as it cannot well be doubted, that a president and cashier of an institution, such as the *City Bank of Baltimore,* may legitimately direct an inferior clerk to pay out monies in the bank, in discharge of the debts due by the bank; and if they have authority to give such directions, there is no principle which goes to

exclude evidence of such directions being given, in a case in which they are pertinent to the issue.

· But whether the witness was competent to prove that *Hollingsworth,* the president, told him, that another bag of dollars, which was afterwards taken into the bank by one of the directors, was the property of the appellee, in order to charge the appellants with the amount in this suit, is a different question.

· Admissions or declarations by third persons, are in general inadmissible; but the relation of principal and agen'. excludes the application of this rule; and it is a general principle, that where an agency is sufficiently established, the acts and declarations of the agent, within the scope of his authority, are to be considered as the acts and declarations of the principal, of which evidence may be given, as if they had been actually done and made by the principal himself. But an agent cannot bind the principal beyond the scope of the authority delegated to him; and where he makes any declarations or representations of his own authority, such declarations or representations cannot be received in evidence to charge the principal, but the agent must himself be called to prove any thing he may know in relation to the subject of such declarations or representations.

As if a letter be written by an agent to his principal, informing him of what he has done, that being no part of the contract itself, made by him for the principal, but a representation only of what he has done, it is inadmissible in evidence against the principal, his authority being only to make the contract, and not to bind the principal by declarations or representations made afterwards, which form no part of the contract. 2 *Starkie on Evid.* 61. *Langhorn vs. Allnutt,* 4 *Taunton,* 511. *Kahl vs. Jansen, Ibid* 565. *Maesters vs. Abraham,* 1 *Esp. Rep.* 375. *Helyear vs. Hawke,* 5 *Esp. Rep.* 74. *Peto vs. Hague, Ibid* 134. *The President, &c. of Hartford Bank vs. Hart,* 3 *Day's Rep.* 491, 495. *Fairlie vs. Hastings,* 10 *Ves.* 125.

Viewing *Samuel Hollingsworth* then, the president of the institution, as the agent of the corporation, any act done by him in pursuance of, and coextensive only with his authority, would bind the corporation; but declarations not making a part

of the *res gestæ*, and being representations only, of his own mere authority, of what was done, could not properly be received in evidence against the corporation. The information given by him to *John S. Gittings*, that a bag of dollars, which had been taken into the bank by one of the directors, was the money of the appellee, was of that character; it was no act of his as agent of that institution, binding upon his employers, but a mere representation made by him, in relation to the acts and rights of others; a declaration, (not within the scope of his authority, nor in any way connected with it,) that money carried into bank by one man, was the property of another, and taken without his consent; and being a representation, not within the scope of his authority, it was not legally admissible in evidence, looking to him in the relative character of agent only; but he should himself have been called to prove the fact, if within his knowledge, that it was the property of the appellee.

Neither was it admissible on the ground of *Samuel Hollingsworth* being a party to the suit.

The admissions of a party on the record are always evidence against himself, because, being a party, he cannot be compelled to give evidence against his interest in a court of law.

But that principle does not reach to this case; the suit is against "*The President, Directors and Company, of the City Bank of Baltimore*," and though *Samuel Hollingsworth* is the president of that institution, yet he is sued, and is a party on the record only in his corporate capacity, and not in his natural and individual capacity; he has no corporate existence apart from "*The President, Directors and Company, of the City Bank of Baltimore*," and is only answerable in this suit in that character. There was, therefore, no objection to his being sworn and examined as a witness against the appellants on the ground of his being a party to the suit. And the only objection that could have been plausibly raised to his being examined as a witness, to prove that the bag of dollars, which was taken into the bank by *Hugh D. Evans*, belonged to the appellee, was, that being a stockholder, he was interested in the fund to be affected by the verdict. But that could not have been an objection on the part of the appellants, nor resting on the ground of incompetency; but if an objection at all, it

could only have come from *Hollingsworth* himself, and that on the score of privilege, on the supposed principle that a witness is not, in a court of law, obliged to give evidence against his own interest, or such as may subject him to pecuniary loss. And admitting it to be true, that if he could not have been called, and compelled to give testimony against his own interest, his representation to *John S. Gittings*, that the bag of dollars taken into the bank by *Hugh D. Evans*, belonged to the appellee, might for that reason have been given in evidence against the appellants, without his having previously refused to be examined, then this inquiry arises, could he, if he had been called, have excused himself from giving evidence of that fact, or against his own interest?

On this subject many nice distinctions are to be found in the books, and some of them not very easily to be reconciled. On the part of the appellee it is contended, that *Samuel Hollingsworth*, being a stockholder, he could not have been compelled to give evidence against his interest in the funds of the institution, and therefore, that evidence of his representation, relative to the bag of dollars taken to the bank by *Hugh D. Evans*, was admissible. And the cases of *The King vs. The Inhabitants of Woburn*, 10 *East*, 395, and *The King vs. The Inhabitants of Hardwick*, 11 *East*, 578, have been much relied on in argument.

They were both settlement cases. In the first, *The King vs. The Inhabitants of Woburn*, a rated inhabitant was called as a witness, but refused to give evidence, and it was determined that he was not compellable to give evidence; and in the other case, *The King vs. The Inhabitants of Hardwick*, it was held that the declarations of a rated parishioner, respecting the circumstances of a settlement, were admissible in evidence, because he was not compellable to give testimony. But those cases were not decided on the principle that a person is excused from giving evidence against his interest, but expressly on the ground, that the persons called as witnesses were parties to the proceedings. And in the first case Lord *Ellenborough* takes the distinction between a party to a suit, who is called to give evidence against his will, by the opposite party, and a mere witness who claims to be exempted from giving evidence

against his interest. And in *The Mayor, &c. of London vs. Long,* 1 *Campb. Rep.* 22, it was decided that the declarations of an individual corporator could not be given in evidence against the corporation; and on an occasion in the *British* house of lords, where the twelve judges were required to give their opinions *seriatim,* eight of the twelve were of opinion, that a witness was bound to answer every question touching the issue, with the exception of such only as would expose him to a criminal prosecution, or to a penalty or forfeiture. Lord *Eldon,* and the Lord Chancellor, Lord *Erskine,* expressed themselves to the same effect. The principle recognized by the Lord Chancellor, Lord *Eldon,* and the eight judges, was, that although in courts of law a party could not be made a witness, yet those persons who were brought forward as witnesses, were equally bound to disclose the whole truth, as the parties were in a court of equity. And Lord *Mansfield* laid down the rule to be, that where a witness could be forced to answer by a court of equity, in order that his answer might be read as evidence in a court of law, in all such cases a court of law would compel him to answer at the trial. In *Taney vs. Kemp,* 4 *Harr. & Johns.* 348, it was ruled that a witness is bound to answer a question touching the issue in an action at law, in which he is not a party, although it may establish, or tend to establish, that he owes a debt, or otherwise subject him to a civil suit, or bill in chancery. And if a witness is bound to answer a question, which may establish that he owes, and subject him to the payment of a debt, it is difficult to perceive why he should not be compelled to answer a question, that may have a tendency to lessen the value of his bank stock; and surely there is no principle of justice, which would exempt a man from giving evidence of a fact, by the concealment of which he would be enabled to practice a fraud upon another; and what in such case, has a witness to complain of? Why simply, that by being compelled to answer, he is forced to do an act of justice. To such complaints it is not the business of courts of justice to give their attention.

Considering *Samuel Hollingsworth* then, as not a party to this suit, in his natural and individual capacity, we think he would have been bound, if called as a witness, to answer any ques-

tion touching the issue, though it might injuriously affect his interest as a stockholder; and therefore the evidence of his representation to *Gittings*, relative to the money taken into bank by *Hugh D. Evans*, was improperly admitted.

It would be of serious consequence to the people of this state, if a stockholder of a chartered bank could not be compelled to give evidence against the institution, and to such institutions themselves, if evidence could be admitted against them, of the loose declarations of stockholders; and this embraces the subject of the. *second* bill of exceptions, which is taken to the opinion of the court below, overruling an objection on the part of the appellants, to the competency of a witness offered by the appellee, on the ground of his being a stockholder in the bank, the witness himself waiving all objection to being sworn; and we entirely concur in the opinion expressed in that exception.

The evidence set out in the *third* and last bill of exceptions, in addition to that contained in the *first*, is substantially that the appellants, having caused a large number of notes, commonly called counter tickets, to be issued, of denominations less than five dollars, signed, some of them by the cashier, some by the teller, the appellee, and some by other officers of the bank, which were paid away and received in the transactions of the bank as notes of a larger denomination were, requested by advertisement the holders of them to bring them in for payment; that a considerable number of them were accordingly brought in, and that payment of the appellee's money, spoken of by *John S. Gittings* as stated in the *first* bill of exceptions, was among other purposes, made in discharge of these small notes. On which the court was called upon, on the part of the appellants, to direct the jury, that if they believed the evidence, the appellee was not entitled to recover; which direction the court refused to give. It is not necessary to stop to inquire by what authority those small notes were issued and signed in the manner described; so far as they were taken up, with the money of the appellee, the appellants had the use and benefit of that money, and are chargeable with the amount in this action. As far, therefore, as respects the ten kegs and one bag of dollars, amounting in all to $11,000, which are stated in the *first* bill of excep-

tion, to have been proved to be the money of the appellee, and paid away in discharge of the debts of the appellants, for any thing appearing in this record, the appellee is entitled to recover; and if the opinion of the court below had been so qualified, we should have concurred in that opinion. But thinking, as we do, that the evidence, as set out in the *first* exception, of the representation made to the witness by *Samuel Hollingsworth,* in relation to the bag of dollars that was taken into the bank by *Hugh D. Evans,* was improperly admitted, and that the appellee was not entitled to recover any thing on that account, we are constrained to dissent from the unqualified refusal of that court, to which the last exception was taken.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.