F. DE LIZARDI ET AL., *vs.* JACOB J. COHEN, JR., ET AL.—
*December* 1845.

*C* sued out an attachment against the goods of *J,* which was returned, attached as per schedule. At the return term, *L* appeared, claimed the goods, and pleaded, they were not the property of *J,* on which issue was joined. It was the only issue in the cause. At the trial, *L* offered *J,* who had previously been discharged under the bankrupt law of the *United States,* as a witness, to disprove the property in himself. HELD, that he was competent.

The witness was not responsible for the costs of the suit; and, in upholding the title of the claimants, was testifying against his own interest.

A defendant, in an attachment cause, returned *non est,* being called by a claimant, as a witness, to prove that the property attached did not belong

to the witness, who made no objection to being sworn, not liable for costs, nor interested in the event of the suit, even if he was to be regarded as a party to the record, that fact would not disqualify him as a witness.

The general rule is, that a party to the record, is not a competent witness, for he is generally, either interested in the object of the suit, or responsible for costs.

The form in which this rule of exclusion has been stated by the courts, presupposes that it is subject to exceptions; and when it appears, that the party proposed to be examined, is not responsible for the costs of the suit, and has no interest in the subject of dispute, and is willing to be sworn, he is not within the operation of the general rule.

Bills of exchange drawn in *New York*, upon a house in *London*, and there accepted and paid, if, in connexion with other circumstances, they create a claim by the acceptor against the drawer, are to be considered as creating one in *London*, which is the place of the contract.

A debt thus created in *London*, is not extinguished by a discharge of the debtor under the bankrupt act of the *United States*.

In a contest between two creditors of a discharged bankrupt, one of whom resided in this country, and the other in *London*, where the cause of action arose, the latter cannot prove by the bankrupt, his title to property hypothecated to him as collateral security, by the witness, who, still remaining liable to the foreign creditor, is interested in sustaining his claim for his own relief.

APPEAL from *Baltimore* county court.

On the 27th March 1837, the affidavit of *Benjamin I. Cohen*, of the firm of *Jacob I. Cohen, Jr., & Brothers*, that *Joseph L. Joseph, Solomon Joseph*, and *Moses Henriques*, citizens of *New York*, partners, under the firm of *J. L., and J. Joseph & Co.*, were justly indebted to *Jacob I. Cohen, Jr.*, &c., of the firm of *J. I. Cohen, Jr., & Brothers*, in the sum of $50,000, with an account for that sum, for money had and received for the use of *C. & Brothers*, were filed in said court, upon which an attachment issued against the goods, &c., of *Joseph & Co.* This attachment was laid upon five hundred and ten shares of the capital stock of the *General Insurance Company*, and two hundred and forty-seven shares of the capital stock of the *Canton Company*. The writ against the defendants, was returned *non sunt*.

At the return of the writ, *John N. Gossler, David W. Gantley*, and *John Ward*, claiming the property attached, interposed a plea, that it ought not to be condemned as the pro-

perty of *Joseph & Company*, and said, that the same were not of the goods and chattels of the said *J. & Co.* The plaintiffs, in the attachment, replied, that the property of the said stock was in the defendants, *J. & Co.*, at the time of laying the said attachment, on which issue was joined.

After a continuance, the plaintiffs prayed, that the sheriff should have leave to amend his return, which was granted, and the return was amended, so as to show a levy upon fifteen thousand shares of the capital stock of the *American Life Insurance and Trust Company*, on which the appellants claimed the stock, and pleaded, that one thousand shares of the stock, last mentioned, was not the property of *J. & Co.*

At a subsequent term, *Gossler* and *Gantley* withdrew their plea, and the plaintiffs replied to the other claimants, that the property in the stock, of the *A. L. I. & T. Co.*, was in *J. & Co.*, on which issue was joined.

The claimants then moved to quash the attachment, for various reasons assigned by them, which are sufficiently stated in the opinion of this court, and of which no disposition was made by the county court. Upon the trial of the plea, the jury found a verdict for the plaintiffs.

Exception. At the trial of this cause, the defendants, claimants of the one thousand shares of the stock of the *American Life Insurance and Trust Company*, being part of the property attached, in the case of *Cohen and others, against Joseph and others*, in this court, for the purpose of maintaining their title to said stock, offered as a witness *Solomon J. Joseph*, one of the defendants in the said attachment suit, and offered to prove, that the said witness, on the 6th December 1842, was duly discharged from all his debts, contracts and engagements, by a decree of the district court of the *United States*, in and for the southern district of *New York*, under and by virtue of the act of Congress, entitled, "an act to establish a uniform system of bankruptcy throughout the *U. S.*, passed August 19th, 1841, which said certificate is in the following words: "In bankruptcy.—In the matter of *Solomon J. Joseph*, a bankrupt.—At a district court," &c.

To the competency of which witness, the plaintiffs objected, and the court, (ARCHER, C. J., and PURVIANCE, A. J.,) sustained the objection, and refused to admit the said witness to be sworn; to which refusal the defendants excepted, and prosecuted the present appeal.

The cause was argued before DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By DAVID STEWART and MEREDITH for the appellants, and By McMAHON and REVERDY JOHNSON for the appellees.

MARTIN, J., delivered the opinion of this court.

It appears in this case, that a writ of attachment was sued out of *Baltimore* county court by the appellees, on the 27th March 1837, against the lands, tenements, goods and chattels, rights and credits, of *J. L.*, and *S. Joseph & Co.*, which was returned at the succeeding May term of the court, "attached as per schedule." At the September term of the same year, the sheriff, with leave of the court, amended his return, so as to include in the property attached, fifteen hundred shares of the stock of the *American Life Insurance and Trust Company.*

During the pendency of this attachment, at the January term 1838, the appellants interposed a claim and plea, to a thousand shares of the stock, alleging, that they were not the property of *Joseph & Co.* At the September term 1838, the appellees, as plaintiffs, filed a replication to the above mentioned claim and plea, on which issue was joined.

At the trial, the appellants, for the purpose of maintaining their title to the stock, offered as a witness *Solomon J. Joseph,* one of the defendants in the attachment suit, of *Cohen and others, against Joseph and others*, before referred to, and accompanied the offer with a copy of his discharge, under the bankrupt law of the *United States*, dated the 6th December 1842, certified by the clerk, under the seal of the district court of the *United States*, for the southern district of *New York*. This discharge, although not authenticated as required by the act of Congress, prescribing the mode in which instruments of

this kind are to be proved, was admitted without objection, and is, therefore, to be considered as properly in the cause.

In this posture of the case, the counsel for the appellees objected to the examination of *Joseph*, as an illegal and incompetent witness. The objection was sustained, and the witness excluded. And the single proposition presented for our determination, is, that which respects the correctness of the opinion thus pronounced by the court below, on this question of evidence.

It was not pretended, that *Solomon J. Joseph* was responsible for the costs of this suit. It appears from the record, that they were adjudged to be paid by the appellants. But the competency of this person, as a witness, was disputed on two grounds:

*First.* Because he was directly interested in maintaining, by his testimony, the title of the appellants to the stock in controversy ; and

*Secondly.* That as this contest, between the appellants and appellees, was merely collateral to the attachment suit, *Joseph* was to be regarded as a party to the record, in the technical sense of that term, and being so, he was properly excluded from testifying on the objection in the abstract, that he was a party to the record, irrespective of the question of his responsibility for the costs, or his interest in the object of the suit.

We have seen that the discharge of *Joseph*, under the bankrupt law of the *United States*, though imperfectly authenticated, was to be treated as in evidence in the cause, and by adverting to the motion made by the appellants, for the purpose of quashing the attachment, it will be perceived, that the debt, for the payment of which this stock was hypothecated, was created by bills of exchange, drawn by the *Joseph's & Co.*, in *New York*, in favor of various persons, on *Lizardi & Company*, trading in *London*, and there accepted and paid.

Under such circumstances, the counsel for the appellees contended, that while the debt of the appellees was extinguished by the discharge of *Joseph*, under the bankrupt law, that of the appellants being a *London* contract, and not reached by the discharge, was not extinguished; and that he was, therefore, directly interested in supporting the claim of the appellants.

But, an insuperable answer to this view of the question, is, that looking alone, as this court is obliged to do, to the facts disclosed by the bill of exception, it does not appear that there was any debt due from *Joseph* to *Lizardi & Company*. And this being the position of the case, it is clear, that the witness, in upholding, by his testimony, the title of the appellants to the stock in dispute, would testify against his own interest. So far, then, as the question of interest was concerned, the witness was, in our opinion, clearly admissible.

The counsel for the appellees have, however, contended, that assuming that *Joseph* was neither responsible for the costs of this suit, or interested in maintaining, by his testimony, the title of the appellants to the stock claimed by them, yet being a party to the record, he was for this reason incompetent.

As it appears, that when the appellants proposed to swear *Solomon J. Joseph*, as a witness, he interposed no objection to his examination, and did not place himself, as he might have done, on his privilege of exemption as a party to the record, we must presume, that he was *willing* to testify; and this being assumed, and it having been established, that he was not liable for the costs of the suit, and that so far from being interested in sustaining the cause of the party by whom he was called, that his interest was to be found on the other side, we think, even if he was to be regarded as a party to the record, a proposition we do not consider it necessary to decide, that fact did not disqualify him from being a witness.

It is certainly true as a general rule, that a party to the record, is not a competent witness, for he is generally either interested in the object of the suit, or responsible for costs.

In the case of *Owings against Wright and Kent,* decided at the present term, this general proposition is announced. The court say:—"The general rule is, that a party to the record, cannot be examined as a witness."

In the case of *Willings and Francis, against Consequa, Pet. C. C. R.,* 307, *Judge Washington,* when speaking of an objection like this, to the competency of a witness, says: "The general rule of law certainly is, that a party to a suit, cannot be a witness. But it is equally so, that the interest

which that party has in the event of the suit, both as to costs and the subject in dispute, lies at the foundation of the rule, and when that interest is removed, the objection ceases to exist." It is manifest from the language of the Supreme Court, in *De Wolf against Johnson*, 10 *Wheat.*, 334, that they considered that the responsibility *to* which a party *to* the record is generally exposed in respect to the costs, if he had no interest in the event of the suit, was the reason why he could not be examined as a witness. The court say, in referring to the deposition of *Prentiss:*—"He may have had little or no interest in the event of the suit, except as to the costs; but still, while a party to the record, he could not be examined."

It will be seen, from an examination of the cases, that the form in which this rule of exclusion has been stated by the courts, presupposes that it is subject to exceptions. And when it appears, that the party proposed to be examined, is not responsible for the costs of the suit, and has no interest in the subject in dispute, and is *willing* to be sworn, he is not within the operation of the general rule.

The true and sound doctrine upon this subject, is to be found in the opinion delivered by *Chief Justice Tindall,* in the case of *Worrell against Jones,* 7 *Bing. R.,* 395.

He says, "that at the trial of this issue, the plaintiff proposed to call *Edward Jones* as a witness, to prove the continuance of the ancient tenancy. No objection could arise, on the ground that *Edward Jones* was interested to procure a verdict for the plaintiff, who called him. The witness did not, himself, object to be examined; but an objection was made on the part of *William Baker,* the defendant, who had pleaded; and the question reserved for our consideration, is, whether a defendant who has suffered judgment by default, and who consents to be examined, is an admissible witness, where he has no interest in the event of the suit; and the only objection to his admissibility is this—that he is a party upon the record? And upon this question, we are of opinion, that the evidence was admissible. No case has been cited, nor can any case be found, in which a witness has been refused, upon the objection in the abstract, that he was a party to the suit; on the contrary,

many have been brought forward, in which parties to the suit, who have suffered judgment by default, have been admitted as witness against their own interest; and the only enquiry seems to have been, in a majority of the cases, whether the party called was interested in the event or not; and the admission or rejection of the witness, has depended on the result of this enquiry. The exclusion on the ground of interest, is a known principle of the law of evidence; and so much did *Lord Chief Baron Gilbert* consider this as the only solid objection against the evidence of a party to the suit, that, after laying it down as a general rule, that no man interested in the matter in question, can be a witness for himself, he states, that several corollaries may be deduced from this rule; of which he gives as the first: that a plaintiff or defendant cannot be a witness in his own cause; for these are the persons who have a most immediate interest, and it is not to be presumed, that a man who complains without cause, or defends without justice, would have honesty enough to confess it. That a party to the record should not be compelled against his consent, to become a witness in a court of law, is a rule founded in good sense, and sound policy; it forms the point of the decision, in the case of the *King against Woodburn*, 10 *East.*, 395, and the decision of that case leads to the necessary inference, that if the party consents to be examined, he is then an admissible witness."

In the case of the *City Bank of Baltimore against Bateman*, 7 *H. & J.*, 109, the Court of Appeals say:—"That the admissions of a party on the record, are always evidence against himself, because, being a party, he cannot be *compelled* to give evidence against his interest in a court of law." Leading necessarily to the inference, that if he is called to testify against his interest, and consents to be examined, he is a competent witness.

The same doctrine is held by the court, in the case of *Lampton against Lampton*, 6 *T. B. Monroe*, 617; and in *Steele against the Phœnix Insurance Company*, 3 *Binnney*, 312, *Chief Justice Tilghman*, when examining this subject, says : "The reason of the law, is the life of the law. Now what good

reason is there, why a man's testimony should be excluded, merely because his name is placed on the record, as a party to a suit in which he has no manner of interest."

We think, both upon principle, and on authority, that the party proposed to be called by the appellants, was a legal and competent witness, and that the court below erred in excluding him.

We have already said, that the motion made by the appellants to quash the attachment, discloses the facts, that the debt, for the payment of which this stock was pledged, was created by a bill of exchange drawn in *New York*, by *J. L.* and *S. Joseph & Co.*, in favor of various persons, on the appellants, trading in *London*, and there accepted, and paid by them;—and as this case is to be returned on a *procedendo*, it is proper for the court to declare, what influence these facts, if they had been proved by the appellees, and incorporated into the bill of exception, would have had on the question of the competency of the witness.

It was contended by the counsel for the appellants, that as this bill of exchange was drawn in *New York*, it was to be regarded as a *New York* contract, and therefore covered by the discharge of *Joseph*, under the bankrupt law of the *United States*.

But to this proposition we cannot accede. On the contrary, we think it an established principle, that as this bill of exchange was accepted in *London*, and there paid by the appellants, *London* is to be considered as the place of the contract.

In the case of *Lewis against Owen*, 4 *B. & Al.*, 653, a rule was laid to shew cause why an *exoneretur* should not be entered on the bail piece, the defendant having obtained his certificate under a commission of bankruptcy in *Ireland*. It appeared from the affidavits, that the debt for which the action was brought, arose from the plaintiffs, while residing in *England*, accepting and paying bills of exchange, drawn upon them by the defendant, while residing in *Ireland*, for his accommodation.

The court said, the debt must be considered to have arisen where the money was paid; and that a certificate under a com-

mission of bankruptcy in *Ireland,* could not discharge a debt contracted in *England.* The same doctrine is established by the case of *Burrows against Jemimo,* 2 *Stra.* 73. *Story Conf. Law, Sec.* 274. *Chitty on Bills,* 736. *Story on Bills,* 163.

Treating *London,* then, as the place of the contract, it is clear, and indeed was not disputed, that the debt thus created, could not be reached and extinguished by the discharge of *Joseph,* under the bankrupt law of the *United States.* No principle of international law is more firmly settled, than that a discharge of this character can have no extra-territorial operation. The late *Judge Story,* in his able commentaries on the conflict of laws, speaks of the doctrine as well established:—that the discharge of a contract, by the law of a place where the contract was not made, or to be performed, will not be a discharge in any other country. *Conf. L., Sec.* 283. *Smith vs. Buchanan,* 1 *East.,* 11. *Lewis vs. Owen,* 4 *B. & A.,* 654.

It follows from the views thus expressed, that if these facts had been proved at the trial, and made a part of the exception, the position of the witness must have been materially altered. Under such circumstances, while his discharge under the bankrupt law, would have operated upon, and extinguished the debt of the appellees, it would have have left unaffected that of the appellants, and he would have been directly interested in maintaining by his testimony, the claim and title of the appellants, and therefore inadmissible.

In the form in which the case is now presented to us, we reverse the judgment of the court below, with costs, and order a procedendo.

JUDGMENT REVERSED AND PROCEDENDO ORDERED.