( Decided June 2nd, 1858.)

## Jos. Baugher & Samuel Orendorf, *vs.* Henry Culler.

Two parties *jointly liable* on a contract were sued, and one of them was taken and the other returned *non est:* Held, that the *latter* was a *competent witness* for the *plaintiff*, to prove the terms of the contract.

Appeal from the Circuit Court for Frederick county.

*Assumpsit* brought on the 15th of December 1854, by the appellants against the appellee and Geo. H. Buckey, partners, trading under the firm of Culler & Buckey. The appellee was summoned and Buckey returned *non est.* The declaration counts upon an agreement by which Culler & Buckey stipulated that if the plaintiffs would forbear to sue them for a debt until the 1st of February 1849, they would pay the plaintiffs any counsel fees and commissions which the plaintiffs should be obliged to pay to any attorney whom they might employ to collect the debt by suit or otherwise, provided said Culler & Buckey should pay the same before the said 1st of February 1849. To this declaration Culler appeared and pleaded *non assumpsit* and *actio non accrevit infra tres annos.*

*1st Exception.* The plaintiffs proved by competent testimony the contents of the agreement, which was in writing and had been lost, except that the witness could not fix the period of forbearance; they also proved its execution by the defendant and Buckey in their firm name, and also the breach

of the agreement. It was admitted that, at the time of the trial, the partnership between Culler and Buckey was dissolved. The plaintiffs then offered to prove by Buckey the contents of the agreement, and that the period of forbearance, which was not recollected by the other witness, was to be until the 1st of February 1849, that the agreement was signed by witness with the name of the firm, by the express direction of Culler, and that the plaintiffs forbore to sue, according to the agreement. The defendant objected to the competency of Buckey as a witness, which objection the court (Nelson, J.,) sustained, and to this ruling the plaintiffs excepted.

*2nd Exception.* The defendant then asked the court to instruct the jury that under the pleadings and evidence in this cause, the plaintiffs are not entitled to recover, because of a variance in the contract alleged in their declaration, and the evidence in the cause, which instruction the court gave, and to this ruling the plaintiffs excepted, and the verdict and judgment being against them, appealed.

The cause was argued before Le Grand, C. J., Eccleston and Bartol, J.

*Wm. P. Maulsby* for the appellants:

The ground of objection to the competency of Buckey is not shown by the record, but it could only have been that of interest. The rule on this point is well defined to be, that a witness is incompetent only in the case where he has a legal, certain and immediate interest in the event of the suit itself, or in the record, as an instrument of evidence in support of his own claim in a subsequent action. 4 *Gill*, 213, *Crawford vs. Brooke.* 5 *Md. Rep.*, 404, *Funk's Lessee vs. Kincaid, et al.* The effect of the evidence of this witness would be against his own interests. He would subject himself to an action by his partner for contribution. The record could not be evidence in support of any claim to be thereafter set up by the witness. It would be evidence against himself in an action against him by Culler. No objection to the competency of a witness can be entertained, unless the party making

it discloses, at the time, the ground on which the objection is based. 7 *Md. Rep.*, 582, *Pegg, et al., vs. Warford.* As to the *second exception*, it is insisted that though the evidence offered to the jury may have fallen short of the necessities of the case, yet so far as it went, there was no variance between the *allegata* and *probata.* For these reasons it is submitted there was error in the judgment below.

No counsel appeared for the appellee.

Bartol, J., delivered the opinion of this court.

This suit was originally instituted by the appellants against the appellee and George H. Buckey, as partners, trading in the name of Culler & Buckey, on a contract alleged to have been made by the firm.

The appellee alone was summoned, Buckey being returned *"non est."* In the progress of the cause, Buckey was called as a witness for the plaintiffs, for the purpose of proving the terms of the contract. The defendant objected to his competency, and the Circuit Court sustained the objection, and the question presented for our decision by the first bill of exceptions is, whether the said witness was properly excluded as incompetent.

No ground of objection to the competency of the witness is stated in the record, and the cause has not been argued in this court on behalf of the appellee.

It seems to us that the testimony ought to have been received. So far from being objectionable on the ground of interest, his evidence tended to charge himself; he was directly interested in defeating the action; for in the event of the plaintiffs' recovery, the defendant would be entitled to contribution from the witness.

The case of *Blackett vs. Weir*, 5 *Barn. & Cress.*, 385, (11 *Eng. C. L. Rep.*,) is very analogous to this. That was an action of *assumpsit* for goods sold and delivered; the general issue was pleaded, a witness called by the plaintiff to prove the defendant's liability, stated on his *voir dire* that he, the witness, was jointly liable; it was held by the Court of King's Bench "that this did not render him incompetent."

See, also, *Hudson vs. Robinson*, 4 *Maule & Selw.*, 475, and *Worrell vs. Jones*, 7 *Bing. Rep.*, 395. This last case was cited with approbation by the Court of Appeals in 3 *Gill*, 436, as "containing the true and sound doctrine on this subject."

The second bill of exceptions is founded upon an instruction granted at the instance of the defendant, "that the plaintiffs were not entitled to recover, because of a *variance* between the contract alleged in the declaration and the evidence in the cause." As we have already decided that the testimony of George H. Buckey ought to have been admitted, it is not material to determine the propriety of the court's instruction, as the case stood without Buckey's evidence. Upon a careful examination of the record, and looking at the whole evidence as given and offered, we have discovered no material variance between the *allegata* and *probata*.

*Judgment reversed and procedendo awarded.*