(Decided 12th March, 1869.)

CLEMENT A. BUSCHMAN *vs.* GEORGE W. MORLING.

*Leading questions — Questions merely introductory — Practice — Evidence of an award, admissible under a Count upon an Account stated.*

Whilst leading questions are not allowable, questions which are merely introductory, and direct the attention of the witness to the particular subject of inquiry, are not ojectionable. When such questions may be asked, is to be determined by the Court in the exercise of a sound discretion, and to be regulated by the circumstances of each case.

The relevancy of testimony cannot always be perceived at the commencement, and it is usual to admit it, on the assurance of counsel that it will be shown to be material by the further examination.

Where the declaration contains a count upon an account stated, it is competent to give in evidence, under such count, an award made between the parties, and an admission of the balance due.

APPEAL from the Court of Common Pleas.

This action was instituted by the appellant, to recover certain money which he claimed to be due to him by the appellee. The declaration contained the usual money counts, to which

the defendant pleaded, " never was indebted as alleged," and " never promised as alleged."

The following exceptions were taken in the Court of Common Pleas by the plaintiff:

*First Exception:*—The plaintiff, not having asked the clerk to call his witnesses, stated to the Court that he had issued a *subpœna duces tecum* for a witness, for certain papers that he would need in the trial, and asked that the Court, the witness being present, would examine him to ascertain whether he had brought the desired papers; this the Court declined to do, but stated to the plaintiff's counsel that he might interrogate the witness, and if he refused to give the information desired, the Court would compel him to do so. To this refusal of the Court the plaintiff excepted.

*Second Exception:*—The plaintiff having called a witness, asked him if he and a certain Robert Moore had been called upon to arbitrate certain differences between the plaintiff and the defendant, and if so, whether they had made an award? the counsel prefacing his question, by stating that his object was to show a consideration for the statement of an account between the plaintiff and the defendant, and that he expected to prove an account stated between them, by other witnesses. The defendant objected to the evidence offered, as there was no count in the declaration on the award. Under the pleadings, the Court disallowed the question, and the plaintiff excepted.

*Third Exception:*—The plaintiff asked the same witness if he had in his possession an award made by him and a certain Robert Moore, as arbitrators of matters of difference between the plaintiff and the defendant, the plaintiff's counsel stating that he only put the question for the purpose of showing a consideration for the stating of an account between the plaintiff and the defendant, and that he expected to prove that the plaintiff and the defendant had stated an account between them, and that there was found due from the defendant to the plaintiff the sum of two hundred dollars, which the

defendant promised to pay. The defendant objected to the question for the same reason as set forth in the second exception, and the Court, under the pleadings, refused to allow the question to be put. To this refusal the plaintiff excepted.

*Fourth Exception:*—The plaintiff asked the same witness to look at the following paper, marked Exhibit A :

Mr. George W. Morling will please pay Robert Moore the sum of two hundred dollars, as agreed in Buschman's case.

JOHN W. BARRY.

(U. S. stamp duly cancel'd, 2 cts.)

On the back of the aforegoing was the following endorsement: "Robert Moore, Baltimore, Dec. 22, '66."

The witness thereupon stated that he had written it and signed it. The plaintiff then asked him at whose instance he signed the paper; he replied that he signed it at the instance of the defendant. The plaintiff then asked the witness to state all the defendant said to him at the time he instructed him to sign said paper; the witness having stated that part of said conversation was in reference to the alleged arbitration and award, and that said order was intended as a *declaration* of said award, there being also no evidence of acceptance of said order, and none of any indebtedness due from th defendant to the witness. The defendant objected to the question, and the Court being of opinion that the question w not admissible, unless the plaintiff declared on the awar refused to allow it to be answered, and to this refusal the plaintiff excepted.

*Fifth Exception:*—The plaintiff then called Morrell Craig, a clerk in the employ of Robert Moore, and asked him to look at Exhibit A, and say if he ever saw it before, to which the witness replied he had seen it. The plaintiff then asked the witness if he ever called on the defendant with Exhibit A, and demanded payment of it, and if so, to state whether he so called on the defendant more than

once, and if so, when? The witness replied that he had called several times in December, 1866, or in January, 1867. The plaintiff then asked the witness to state whether the paper Exhibit A was endorsed when he so presented it to the defendant, and if so, by whom? The witness said it was endorsed by Robert Moore, whose handwriting he knew. The plaintiff then asked the witness to state for whom he was acting when he presented Exhibit A to the defendant for payment; the witness stated he was acting for the plaintiff when he so called on the defendant. The plaintiff then asked the witness to state whether the defendant said anything to him when he called on him for payment of Exhibit A, and if so, to state all he said on the occasions on which he called. The defendant excepted to the question, if it in any manner related to the award spoken of, when the counsel for the plaintiff admitted that Exhibit A was given for and intended to be in payment of the award, and that he expected to prove that the defendant promised to pay Exhibit A when the witness Craig presented it to him. The counsel for the defendant then excepted to the question, and the Court being of opinion that on the state of the pleadings the evidence was inadmissible, directed the witness not to answer the question, and excluded the evidence from the jury. To this refusal and exclusion the plaintiff excepted.

The verdict and judgment being for the defendant, the plaintiff appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*P. M'Laughlin,* for the appellant:

Under the first exception reference was made to the following authorities: *Hopper vs. Smith,* 1 *Moody & Mal.,* 115; *Perry vs. Gibson,* 1 *Adol. & E.,* 48.

The second and third bills of exception raise the question as to whether a party may not shew, by parol evidence, the

existence of an award, for the purpose of showing a considera-
tion for an account stated. A submission may be by parol;
and an award is only the decision of the arbitrators, which
may be given in writing without seal; and even without being
in writing, which is often the case. *Kidd on Awards*, 30, 139;
*Billing on Awards*, 110, *n. e.; Keen vs. Batshore*, 1 *Espinasse*,
194; 1 *Chit. on Pl.*, 358; 2 *Chit. Pl.*, 243.

The fourth and fifth bills of exception raise the question as
to whether the plaintiff can prove an account stated, and re-
cover upon it, while there may be in existence an award.
1 *Chit. Pl.*, 358; 2 *Chitty's Plead.*, 243; 2 *Greenl. on Ev.*,
secs. 126, 127; 2 *Starkie on Ev.*, 75, *and notes; Lamar vs.
Manro*, 10 *Gill & John.*, 50, 62.

The Court cannot reject testimony which, if standing alone,
would be inadmissible, if the counsel offering it proposes to
follow it up with other proof which, when taken together,
would be admissible. *Ricketts vs. Pendleton*, 14 *Md.*, 320,
329, *t.; Crawfurd vs. Beall*, 21 *Md.*, 230, 231.

*Albert Ritchie*, for the appellee :

The appellant could not rightly offer evidence of an award
under his *narr;* to recover on an award, it must be specially
declared upon, not only by reason of the general principles of
pleading, but more imperatively, under the Act of 1856, ch.
112. 1 *Evans, Harris*, 194; *Walsh vs. Gilmor*, 3 *H. & J.*,
383; *Randall vs. Glenn*, 2 *Gill*, 430; *Tyler's Pleadings*, 62,
63, 69, 70, 150, 151, 152; *Yingling vs. Kolhass*, 18 *Md.*; 148.

The question asked in the second bill of exceptions, was
leading. It did not ask or indicate by *whom* the witness,
"and a certain Robert Moore," might have been "called upon
to arbitrate certain differences between the plaintiff and the
defendant." This, and "whether they had made an award?"
should have been preceded by evidence of a submission by the
parties.

Its object was stated to be "to shew a consideration for the
statement of an account between the plaintiff and the defend--

ant." For this purpose it was insufficient and improper. Whether "called upon" or not, or whether an award were made or not, would not have shown a consideration. The consideration to be proved in recovery on an award, is *the submission*.

The question which gave occasion to the third exception was leading. It also assumed that there *were* "matters of difference;" that there was a submission; and that there was an award. It should have been preceded by some evidence of submission.

No evidence touching the paper indicated as Exhibit A, was admissible. As the declaration of an award, it lacked nearly every essential of an award. It did not profess to be such on its face. It did not recite a submission. It contained no terms of submission. It was signed "at the instance" of the *defendant*, instead of at the joint instance of himself and his alleged co-arbitrator. It was signed by only one of the alleged arbitrators.

If it were not intended as the award, but was "signed three or four days after the award was made," then, still less, was any evidence of it admissible, to connect it with an award, because no evidence of any award nor of any submission had been given.

As a cause of action in any other view, it could not have been recovered upon. And conversation at the time of its execution was inadmissible, because there was no evidence of its acceptance, it being admitted that there was no indebtedness due Barry, and because no promise to pay it could have then been made to either Moore or Buschman, for the reason that neither had come into possession of it.

STEWART, J., delivered the opinion of the Court.

We are unable to perceive in what way the appellant's legal rights were affected, in the smallest degree, by the refusal of the Court below, in the first exception, to ask the witness, then in Court, if he had brought with him the papers

he was required to produce, under the *subpœna duces tecum*. Beyond all question, the Court was not obliged to grant this extraordinary request of the appellant's attorney; but according to its discretion, had the right to refuse it. Such refusal afforded no ground whatever for exception.

The second, third, fourth and fifth exceptions may be considered together.

Whilst leading questions, suggesting to a witness, the answer desired are not allowable; in order to facilitate the examination of a witness, questions which are merely introductory, and direct the attention of the witness to the particular subject of enquiry, are not objectionable. Under what circumstances such questions may be asked is a matter very much under the control of the Court, in the exercise of a sound discretion. *Moody vs. Rowde,* 17 *Pick.,* 498; 1 *Greenl. on Ev., secs.* 434, 435.

We do not perceive that the questions propounded to the witness in this case were exceptionable and obnoxious to the spirit of the general rule forbidding leading questions. The testimony when offered might have turned out to be inadmissible, and for that reason ruled out; but its relevancy cannot always be perceived at the commencement, and it is usual to admit it, on the assurance of counsel, that it will be shown to be material by the further examination. *Davis vs. Calvert,* 5 *G. & J.,* 304. This indulgence is allowed to the counsel in furtherance of the ends of justice, and upon his responsibility, as an officer of the Court; because, in that stage of the proceeding, the Court has no other means of determining the matter. But where the Court can perceive that the testimony, under no circumstances is relevant, it should not be admitted. *Haney vs. Marshall,* 9 *Md.,* 213.

With this explanation, we think the questions were allowable and the testimony admissible, subject to the right to have it excluded if finally ascertained to be irrelevant.

The objection was made to Barry's testimony, in the second exception, because there was no count in the declaration on

the award, about which the witness was interrogated. Similar objection was made to the testimony proposed, in the third exception; also in the fourth exception, after the witness had proceeded to give testimony, a like objection was taken to the answer to the question, when the witness had stated it had reference to an award, because the award had not been declared on; also in the fifth exception, where the witness had given testimony of what occurred when he presented a paper to the appellee, and was being further interrogated as to what the appellee said, objection was made to any further answers if they related in any manner to the award.

The Court, in all these exceptions, ruled against the admission of the testimony, as being inadmissible under the pleadings. The declaration in this case contains a count upon an " account stated," and it was competent to give in evidence, under such count, an award made between the parties, and an admission of the balance due. *Keen vs. Batshore,* 1 *Espin. Rep.,* 193; *Randall vs. Glenn,* 3 *Gill,* 438; 1 *Chitty,* 359; 2 *Greenleaf on Evidence, sec.* 126.

The evidence proposed to be offered by the appellant was clearly admissible under the pleadings, and could not properly be excluded. The Court was in error in the ruling in the second, third, fourth and fifth exceptions.

*Judgment reversed and*
*procedendo awarded.*

(Decided 13th March, 1869.)