(Decided 13th December, 1872.)

---

PHILIP W. DOWNES, Executor of WILLIAM H. DOWNES, *vs.* THE MARYLAND AND DELAWARE RAILROAD COMPANY.

*Competency of Stockholders in a Railroad Company, as witnesses for the Company—Act of* 1868, *chapter* 116, *section* 2.

In a suit by the Maryland and Delaware Railroad Company, a corporation created by the Act of 1854, chapter 274, amended by the Act of 1856, chapter 50, against an executor to recover the amount of an alleged subscription by his testator, to the capital stock of the company, it was HELD:

That stockholders in the Company were not parties to the contract, or to the suit within the letter or spirit of the second section of the Act of 1868, chapter 116, and were therefore competent witnesses for the plaintiff.

APPEAL from the Circuit Court for Queen Anne's County.

The case is stated in the opinion of the Court. The verdict and judgment were for the plaintiff.

The case was submitted on briefs to BARTOL, C. J., STEWART, BOWIE, BRENT and MILLER, J.

*John B. Brown* and *Thomas J. Keating*, for the appellant.

*Lloyd Tilghman,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellee, to recover the amount of the alleged subscription by the appellant's testator, to the capital stock of the appellee. The questions presented by this appeal arise upon two bills of exceptions taken by the defendant below, as follows: The Court below after objection by the defendant, allowed *Robert Jarrell,* a stockholder in the company, to testify generally for the plaintiffs on their call, and the question of his competency forms the subject of the second bill of exceptions.

The first bill of exceptions presents substantially the same legal question. It states that Dr. G. W. Goldsborough, who was a director in the company at the time of the alleged subscription, and who had ceased to be a director, but continued to be a stockholder, was allowed, notwithstanding the defendant's objection, to testify for the plaintiffs generally on their call, (except as to matters transpiring while he was a director;) and was allowed to testify as to conversations relating to the alleged contract of subscription, which took place between the defendant's testator and himself, after he had ceased to be a director

Before the Act of 1864, ch. 109, a stockholder was an incompetent witness for the corporation, on account of his interest in the event of the suit. *Union Bank vs. Ridgely,* 1 *H. & G.,* 325. But that Act has removed all the incompetency of witnesses in civil cases arising from interest.

The appellant contends that the witnesses *Goldsborough* and *Jarrell* were incompetent, not on account of their interest in the event of the suit, but because being stockholders "they constitute each an integral part of the company and are substantial parties to the contract, and

to the suit; and come within the exception in the second section of the *Act of* 1864, as amended by. the *Act of* 1868, *ch.* 116, which forbids a party to a contract or a party to the suit to testify in his own behalf, the other party being dead, and his executor being a party to the suit."

The provision of the second section of the Act above referred to is as follows : " When an original party to a contract or cause of action is dead, or is shown to be lunatic or insane, or when an executor or administrator is a party to the suit, action or other proceeding, either party may be called as a witness by his opponent, but shall not be permitted to testify on his own offer, or upon the call of his co-plaintiff or co-defendant, otherwise than now by law allowed, unless a nominal party merely."

In support of the position that a stockholder is disqualified as a party to the suit, the appellant's counsel has referred to *The King vs. The Inhabitants of Woburn,* 10 *East.,* 395, and *The King vs. The Inhabitants of Hardwick,* 11 *East.,* 578. In the former of those cases it was decided that in a suit between the church-wardens and overseers of the poor of two parishes, respecting the settlement of a pauper, a rated inhabitant of one of the parishes was a party to the suit; and as such could not be compelled to testify for the other party. This decision was followed in the case in 11 *East.,* where, in a suit of the same kind, it was held that a rated parishioner not being bound to give evidence against his own parish, by reason of his being a substantial party to the suit, his declarations were admissible in evidence when offered by the other party.

Those cases were cited and reviewed by the Court of Appeals, in *The City Bank of Baltimore vs. Bateman,* 7 *H. & J.,* 104, 110, to which we will presently refer more particularly.

In *Fletcher vs. Greenwell,* 1 *Cromp., M. & R.,* 754, it was decided in the Court of Exchequer, that "where an

Act empowers the directors and overseers of the poor of a parish to sue and be sued in the name of their clerk, in an action for goods supplied to the directors, a person who was one of the directors at the time when the goods were supplied, is a competent witness for the defendant." In the argument of counsel against the competency of the witness, it was said, "the defendants are not a corporation, and except for the clause in the Act of Parliament, they must have been sued as individuals. Their real character of defendants is not altered by that clause, the witness therefore was substantially a party to the suit, and as such incompetent." But this argument did not prevail; and it was held that the witness was competent under the provision of the local Act which made inhabitants of the parish competent witnesses. This decision was afterwards followed by the Court of Exchequer in *McGahrey vs. Alston and Sewell,* 2 *Mee. & W.,* 206; and in *Sinclair vs. Sinclair,* 13 *Mees. & W.,* 640, it was decided that a *prochein ami* is not a party to the suit, and is a competent witness under the Statute of 6 & 7 Vict., ch. 85, sec. 1, which took away all objection on the ground of interest. In that case, PARKE, B., during the course of the argument, likened the position of a *prochein ami* to that of a member of a corporation, who is not individually named as a party to the suit.

We have referred to these cases to show the course of decisions in England upon the question, as to who are parties to a suit at the common law, and within the meaning of their statutes, because they furnish some aid in the construction of our Acts of Assembly. The same question arose in the case of *The City Bank of Baltimore vs. Bateman,* 7 *H. & J.,* 104, before cited, which being a suit against a corporation, is more analogous to this. There the plaintiff offered in evidence the declarations of Hollingsworth, the president of the bank, on the ground that he was a party defendant, the suit being against the

"President, Directors and Company of the City Bank of Baltimore."

The Court say, (p. 109,) "The admissions of a party on the record are always evidence against himself; because being a party, he cannot be compelled to give evidence against his interest in a Court of law. But that principle does not reach to this case. * * * * * Samuel Hollingsworth is sued and is a party on the record only in his corporate capacity, and not in his natural and individual capacity. * * * * * There was therefore no objection to his being sworn and examined as a witness against the appellants on the ground of his being a party to the suit."

Here the appellee is a corporation created by the Act of 1854, ch. 274, amended by the Act of 1856, ch. 50.

Those statutes impose no individual liability upon the stockholders for the debts of the corporation; nor are they individually liable for costs in this suit. They are not therefore parties to the suit within the meaning of the second section of the Act of 1868.

We agree with the proposition stated by the appellee in argument, that "if a stockholder was not a party to a suit by or against the corporation, so as to render him an incompetent witness on that ground, prior to the Acts of 1864 and 1868, he is not so since those Acts, for their chief object and purpose is to remove the incompetency of witnesses, not to impose additional restrictions."

Nor were the stockholders offered as witnesses in this case, parties to the contract sued on, so as to bring them within the exception contained in the second section of the Act of 1868, and render them incompetent witnesses, because the other party to the contract is dead, and the suit is against his executor. The contract was made with the corporation, not with the witnesses, who were merely stockholders. It does not appear that they were, either of them, agents of the corporation in making the

contract, or had anything to do with its inception; and they were not in our judgment parties to the contract or to the suit within the letter or the spirit of the Act of Assembly, and were therefore competent witnesses for the appellee; all objection on the ground of interest, which was the only objection that could at any time have been urged against their competency, having been removed by the Acts of Assembly.

*Judgment affirmed.*

(Decided 18th December, 1872.)