(Decided 22nd November, 1888.)


## The South Baltimore Company *vs.* Christian Muhlbach.

*Competency of Witness under Code of 1888, Art. 35, sec.
2—Prayers and Instructions—Statute of Frauds—Land-
lord and Tenant—Trespass quare clausum fregit—Plea
of Leave and License—Estoppel—Act of 1825, ch. 117,
(Code of 1888, Art. 5, sec. 9.)—Fourth rule Regulating
Appeals.*

In an action of trespass against a corporation, the plaintiff is a
competent witness for himself to prove a verbal agreement of
renting made with him by H. since deceased, who was at the

time a director in the defendant corporation, and also its secretary and agent.

H. was not an original party to the contract and his death did not render the plaintiff incompetent, under the Evidence Act (Code of 1888, Art. 35, sec. 2,) as a witness for himself.

A prayer should be rejected as misleading which is founded upon the testimony of the plaintiff alone, and entirely ignores all the other evidence in the case.

Agreements between landlord and tenant for the sale or surrender of fixtures are not within the operation of the Statute of Frauds.

An agreement between landlord and tenant for the erection of buildings upon the land to be paid for by the landlord at the termination of the tenancy, is properly a contract for work and labor, and materials furnished, and not within the provisions of the Statute of Frauds.

An action of trespass *quare clausum fregit* will be defeated by the fact that the acts alleged as the trespass were done by the permission of the plaintiff. But the defendant can only avail himself of this defence under a plea of leave and license.

M. was tenant of a corporation under a written lease. On its termination a new verbal contract of renting was made between M. and H. as agent for the corporation. H. afterwards died without having notified his principal of the new verbal agreement. After his death the corporation through its agents dealt with M. as tenant holding over under the old lease, without objection or protest from him, or any pretension that he was holding under a new verbal lease. In an action of trespass by M. against the corporation it was HELD:

That these facts were insufficient to constitute an estoppel whereby M. should be precluded from setting up or relying upon the verbal contract of renting made with H.

Where the Court below either grants or rejects a prayer asking an instruction to the jury, that if they believe certain facts the plaintiff is or is not entitled to recover, if there be no reference to the pleadings, the Court of Appeals will not assume that the Court below inspected the pleadings and adjudged their sufficiency or insufficiency to sustain the prayer. The prayer to raise such a question under the Act of 1825, ch. 117, (Code of 1888, Art. 5, sec. 9,) should be framed with a direct reference to the pleadings in the case.

South Baltimore Co. *vs.* Muhlbach.

A paper entitled "special exceptions," was signed by counsel and filed in the cause, but was not made part of any bill of exception taken in the cause and signed by the Judge.   One of the exceptions stated was that the fourth prayer of the defendant was "not proper under the pleadings in the cause."   HELD :

That the fourth rule regulating appeals did not apply to such case, or authorize the taking of any such special exception to a prayer that "it is not proper under the pleadings in the cause."

APPEAL from the Circuit Court for Baltimore County.

The appellant was defendant, and the appellee was the plaintiff below.   The case is stated in the opinion of the Court.

*First and Second Exceptions,* stated in the opinion of the Court.

*Third Exception.*—The plaintiff offered the following prayer:

That if the jury shall find from the evidence that the plaintiff was in possession of the land spoken of in evidence, as tenant to the defendant, and while so in possession, the defendant authorized the witness, Hoffman, to enter upon said property and dig upon the same, and Hoffman did so through his employés, and that the defendant subsequently rented a portion of the property so rented and occupied by the plaintiff, to the witness, Hoffman, and said Hoffman entered upon and took possession of the portion of said property so rented to him by the defendant, then if the jury shall find in favor of the plaintiff they may allow such damages as they shall find were the natural result of such entry upon plaintiff's premises, and the jury are at liberty to consider all the circumstances under which such entry was made upon said premises, and the acts done by said Hoffman or his employés after entering thereon.

The defendant offered the five following prayers:

1. That although the jury find that after the expiration of the written lease offered in evidence, if they find such lease and its expiration, said George L. Harrison, mentioned in the evidence, purported, as secretary of the defendant, to agree verbally with the plaintiff for a new lease of said premises mentioned in the declaration, such agreement for such lease was void under the fourth section of the Statute of Frauds, and the plaintiff continued to hold over under such terms of the written lease as were applicable to his situation as tenant so holding over.

2. If the jury find that said George L. Harrison was before and at the date of the written lease offered in evidence, and continually thereafter until his death, a director of the defendant, and was secretary only of defendant, and never was its president; and if they further find the written lease offered in evidence, made and signed by the said Harrison and the plaintiff, and that said Harrison is now dead, then the plaintiff cannot testify on his own offer to any subsequent agreement for a lease made verbally between him and said Harrison, deceased, in his life-time.

3. That if the jury find the facts stated in the preceding prayer, and in addition, that said written lease was deposited by said Harrison amongst the muniments of the defendant, and that there is no proof that the president and directors of said defendant ever knew or heard of any other lease to said Muhlbach, except said written lease; and further find that said president and directors knew of said written lease, and that the witnesses, Keener and Whitridge, as officers of defendant, dealt with said Muhlbach as tenant of said company holding over, under and according to said written lease, without objection or protest from him, and that he never pretended to them, or either of them, that he

was holding according to a subsequent verbal agreement to lease until after the commencement of this suit, then the jury should find that the plaintiff is not entitled to set up in this case said alleged verbal agreement for lease.

4. That if the jury find that the plaintiff was tenant to defendant of the premises mentioned in the declaration, and that defendant acquainted said plaintiff with its desire to lease parcel of said premises to the witness Hoffman, and that the said witness and plaintiff and president of defendant, met together in the month of February, 1887, and that the president of defendant promised plaintiff to pay him whatever was in reason, if he, plaintiff, would consent to a lease being made to said Hoffman of a parcel of said premises which had been previously pointed out to the plaintiff by said president of defendant as the parcel thereof so proposed to be leased to said Hoffman, and that plaintiff thereupon agreed that such lease of said parcel should be so made to said Hoffman, and afterwards pointed out to said Hoffman the bounds, or some of the bounds of said parcel so to be leased, and that afterwards defendant made a lease thereof to said Hoffman, and said Hoffman entered and was possessed, then the plaintiff cannot recover in this action, although he and the president of the defendant afterwards disagreed or failed to agree as to the amounts of such compensation to be paid by defendant to plaintiff for the land so taken by defendant and leased to said Hoffman.

5. That the plaintiff cannot recover in this action for any loss he may have sustained to his milk business by the taking of the land in question by the defendant, because the same is consequential, and not directly flowing from the taking of the land.

The Court (FOWLER, J.,) granted the plaintiff's prayer, and the fifth prayer of the defendant, and rejected its first, second, third and fourth prayers. The

defendant excepted, and the verdict and judgment being against it appealed.

The cause was argued for the appellant before ALVEY, C. J., STONE, MILLER, BRYAN, and McSHERRY, J., and submitted for the appellee.

*R. R. Boarman,* and *Julian I. Alexander,* for the appellant.

*M. W. Offutt,* and *John I. Yellott,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This was an action of trespass for breaking the plaintiff's close, brought on the 15th of April, 1887. The plaintiff was in possession of the land as tenant of the defendant, and left the premises, upon notice to quit, on the last day of December, 1887. The case was tried on the general issue plea of not guilty.

It appears that, in 1871, the plaintiff leased in writing of the defendant the premises in question, for one year; the plaintiff agreeing to vacate the premises at any time upon receiving thirty days' notice. This lease was made, on the part of the defendant, by George L. Harrison, at the time secretary and agent of the defendant, but who has since died. The plaintiff testified in his own behalf, and proved that at the end of the year for which the written lease was made, he was going to quit, because the buildings on the place did not suit him, and the defendant refused to put up others; but that Harrison came out to the place, and made a verbal agreement with him, the plaintiff, to continue on the place as a yearly tenant, with the right to the notice of a yearly tenant; and that he, the plaintiff should put up what buildings he wanted, and when he left, the buildings should be paid for at what

South Baltimore Co. *vs.* Muhlbach.

they were worth at that time, and not what they cost to put them up; and that it was under this agreement that he remained in possession of the property until the last of December, 1887, when he left under a six months' notice from the defendant.

Harrison was a director in the defendant corporation, as well as secretary and agent. And because he was dead, an objection was taken by the defendant, in the first bill of exception, and also by prayer to the Court, to the right and competency of the plaintiff to testify, as to the verbal agreement made with Harrison in regard to the renting of the land. But clearly the objection is not tenable. The statute, as given in the Code of 1888, Art. 35, sec. 1, declares that "no person offered as a witness shall hereafter be excluded by reason of incapacity from crime or interest, from giving evidence, &c., * * * and the parties litigant, and all persons in whose behalf any suit, action or other proceeding may be brought or defended, themselves, and their wives and husbands, shall be competent and compellable to give evidence in the same manner as other witnesses, except as hereinfter excepted." And by section 2, which declares the exceptions, it is provided, that "when an *original party* to a contract or cause of action is dead, or shown to be a lunatic or insane, or when an executor or administrator is a party to the suit, action or other proceedings, either party may be called as a witness by his opponent, but shall not be admitted to testify on his own offer, or upon the call of his co-plaintiff or co-defendant, otherwise than now by law allowed, unless a nominal party merely," &c.

It is very clear, upon the decisions of this Court, that Harrison, though a director, and an agent of the defendant, by whom the contract was made, was not an original party to such contract, in any legal or techni-

cal sense.   The parties to the contract, assuming it to have been made as testified by the plaintiff, were the defendant corporation and the plaintiff; and though Harrison has since died, his death in no manner renders the plaintiff incompetent as a witness for himself.   This would seem to be conclusively settled by the cases of *The City Bank of Baltimore vs. Bateman*, 7 *H. & J.*, 104; *Downes vs. Md. & Del. R. Co.*, 37 *Md.*, 100; and *Spencer vs. Trafford*, 42 *Md.*, 17.   The rule of exclusion would, of course, have to be mutual in its operation, if the objection of the defendant were maintainable; and as nearly all contracts by corporations or associations are made by agents, if the death of the other contracting party rendered the agent incompetent as a witness, a great many persons would be rendered incompetent who were competent, or who could have been made competent, before the passage of the Evidence Acts.   Such a result would contravene both the letter and spirit of the Acts, which were intended to extend and in no manner to restrict the competency of persons to testify.   And the plaintiff being a competent witness, the evidence given by him, and excepted to by the defendant, was clearly admissible.

The second exception taken by the defendant was to the admissibility of certain testimony offered to be given by the wife of the plaintiff, for the purpose of proving the verbal agreement made with Harrison for the renting of the land by the plaintiff.   There was certainly evidence tending to show that Harrison was the agent for the renting of the land.   And the sole ground of objection to the evidence offered, as stated in the exception, appears to be that, at the time of the supposed verbal agreement, Harrison was a director of the defendant corporation, and had died before the trial, and therefore "his verbal contract, agreement or

declarations could not be given in evidence against the defendant." If it be true, as proved by the plaintiff, that Harrison was the agent of the defendant for the management and renting of its lands, it is difficult to understand why the evidence was not admissible. It was certainly competent to make a contract of renting for a year by parol; and if Harrison was the agent for renting and managing the land, a contract made by him was equally binding as if made by the defendant by an act of its board of directors. We perceive no error in admitting the evidence.

The plaintiff's prayer for instruction, which was granted by the Court, was well calculated to mislead the jury, and should, therefore, have been rejected. It was founded upon the testimony of the plaintiff himself alone, and entirely ignored all the other evidence in the case. It put to the jury to find only a part of the facts testified to by the plaintiff himself, and it utterly failed to deduce any legal conclusion therefrom, but left the jury to speculate as to the legal effect of the facts stated in the prayer. These facts thus enumerated may have all been found by the jury to be true; and yet, in view of all the other evidence in the case, the plaintiff may not have been entitled to recover any damages, or not entitled to a verdict at all. It was error therefore to grant such prayer.

The first prayer on the part of the defendant proceeds upon the theory that the verbal agreement of renting, made by Harrison with the plaintiff, was void under the 4th section of the Statute of Frauds, 29 *Car.* 2, *ch.* 3, "and that the plaintiff continued to hold over under such terms of the prior written lease as were applicable to his situation as tenant holding over."

The Court below rejected this prayer, and we think rightfully.

The contention of the defendant is, that the verbal contract was entire and indivisible, and that the part

South Baltimore Co. *vs.* Muhlbach.

of it which provided for the erection of buildings on the land by the plaintiff, and the payment therefor by the defendant at the termination of the tenancy, was an agreement in respect to an interest in or concerning land, and therefore should have been in writing, as provided by the 4th section of the Statute of Frauds: that the contract being void in part is void as an entirety, within the principle of the cases of *Charter vs. Beckett*, 7 *T. Rep.*, 201, and *Thomas vs. Williams*, 10 *B. & Cr.*, 664. But to the correctness of this contention we cannot accede.

If the buildings contemplated by the verbal contract, to be put up by and for the use of the plaintiff, while tenant, and to be paid for by the defendant, at the end of the tenancy, at their then value, be regarded as tenant's fixtures, then it would simply be a contract for the sale of fixtures erected by the tenant during his tenancy, which he agreed to surrender to the landlord at a valuation. And so treating it, the law is well settled, that agreements for the sale or surrender of fixtures are not within the operation of the Statute of Frauds, inasmuch as they are not goods and chattels within the meaning of the 17th section of the Statute, nor do they constitute, although annexed to the freehold, an interest in land. *Hallen vs. Runder*, 1 *Cr., M. & R.*, 266, 275; *Lee vs. Gaskill*, 1 *Q. B. Div.*, 709; *note* (r) *to Greene vs. Cole*, 2 *Wms. Saund.*, 259e, 259d; *Browne, St. of Fr.* (3d *Ed.*,) secs. 233, 234, *page* 239.

But treating the contract as one for improvements to be erected on the land of the defendant, it appears to be settled, that such improvements are not to be regarded as land, because annexed thereto, as between the contracting parties. Such a contract is properly a contract for work and labor and materials furnished; and therefore not within the provisions of the Statute of Frauds. *Pinner vs. Arnold*, 2 *Cr., M. & R.*, 606. In

the case of *Frear vs. Hardenburgh*, 5 *Johns.*, 272, where a verbal promise was made by the defendant to the plaintiff to pay for the erection of certain buildings upon the land of the former, while in possession of the latter, it was held by the Supreme Court of New York, that such contract was binding, and not within the provisions of the Statute of Frauds. In that case, the Court said: "Was it ever supposed that a parol contract, to pay for work *to be done* on land, or for what had been done, if at the instance and request of the promisor, was a void undertaking under the Statute. The contract in such case does not go to take from the promisor the land, or any interest in, or concerning it." The same principle was asserted in the subsequent case of *Benedict vs. Beebee*, 11 *John.*, 145, and also in *Scoggin vs. Stater*, 22 *Ala.*, 687. See, also, *Browne, St. of Fr., sec.* 233.

The third prayer of defendant was intended to present a question of estoppel, whereby the plaintiff should be precluded from setting up or relying upon the verbal contract of renting made with Harrison. But the facts stated in the prayer are wholly insufficient to constitute an estoppel; and the Court was quite right in rejecting the prayer. But in regard to the defendant's fourth prayer, we think the Court below fell into error in rejecting it. If it be true, as set forth in this prayer, that the acts alleged as the trespass were done by the permission of the plaintiff, and under an arrangement with the plaintiff, whereby reasonable compensation was to be paid by the defendant for any injury done the plaintiff, by the opening and working a brickyard upon the premises, by the authority of the defendant, such facts, if found to exist, would furnish a complete answer to the action. The plaintiff, if he sustained injury by what was done on the premises, by the authority of the defendant, would have to seek his remedy

on the contract, and not by an action of trespass *quare clausum fregit*. It is true, there was no plea. of leave and license interposed by the defendant, as there ought to have been, to entitle the defendant to avail itself of the defence furnished by the facts stated in this prayer. *Add. on Torts*, 295, 296; 2 *Greenl. Ev., secs.* 625, 627. But the prayer made no reference to the pleadings, nor was there any prayer on the part of the plaintiff to preclude the right of the defendant from availing itself of the defence, as not being within the issue made by the pleadings, upon which the case was tried. And it is the settled practice in this Court, that where the Court below either grants or rejects a prayer, asking an instruction to the jury, that if they believe certain facts, the plaintiff is, or is not, entitled to recover, if there be no reference to the pleadings, this Court will not assume that the Court below inspected the pleadings, and adjudged their sufficiency or insufficiency to sustain the prayer. The prayer to raise such a question, under the Act of 1825, ch. 117, should be framed with a direct reference to the pleadings in the cause. *Stockton vs. Frey*, 4 *Gill*, 406, 421; *Owings vs. Jones*, 9 *Md.*, 116.

It appears that there was a paper, signed by counsel and. filed in the cause, (but at what particular stage of the trial does not appear,) entitled "special exceptions;" and one of the exceptions stated is that the fourth prayer of the defendant was "not proper under the pleadings in the cause." But this paper was not made part of any bill of exception taken in the course of the trial, and signed by the Judge; nor does the 4th Rule, regulating appeals, apply to such case, or authorize the taking of any such special exception to a prayer, that "it is not proper under the pleadings in the cause."

For the reasons stated, the judgment of the Court below must be reversed, and a new trial awarded.

*Judgment reversed, and*
*new trial awarded.*

