## STATE EX REL. JOE BASSIN v. DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

March 15, 1935.

No. 30,184.

*Benjamin Segal* and *Maurice Sher,* for relator.
*Shearer, Byard & Trogner,* for respondents.

LORING, JUSTICE.

This case comes here by *certiorari* to review the action of the district court on a petition for extension of the time to redeem from a mortgage foreclosure sale on real estate under the provisions of the mortgage moratorium act.

June 9, 1934, the petitioner made an application to the district court of Hennepin county for an order extending the period for redemption. The mortgage had been foreclosed, and the period

[1]Reported in 259 N. W. 542.

for redemption was to expire June 13, 1934. Before that date an application for extension was made, and it came up before the district court on June 28, 1934. The court, on June 29, 1934, found that the parties had made a settlement on June 28 in regard to the extension by agreeing that the period of redemption should be extended to 12 o'clock midnight of July 31, 1934, and no longer, and that during the extension period petitioner should have a right to receive and retain the rents from the apartment house on the premises. There was also an agreement that the petitioner should have $100 for a mechanical stoker then located on the premises. According to the findings subsequently made by the court, the petitioner was present and agreed to the terms of the settlement. However, after a later conference with his wife he notified his attorney that he did not want to go through with the settlement, and accordingly his attorney withdrew from the case, having advised the mortgagee's attorney of the petitioner's desire to back out of the settlement. On the following day the matter came up again before the same judge, and the petitioner was represented by his present attorney. Proof was received by the court of what had occurred on the previous day, and it made findings that a binding settlement had been entered into in open court upon the terms above mentioned and made an order extending the redemption period to July 31, 1934, in accordance with that arrangement.

The petitioner contends that there was no completed agreement of settlement made in open court or otherwise because the arrangement contemplated its incorporation into a stipulation before it should become effective. The court found to the contrary, and we think its findings are sustained by the evidence. One of the attorneys for the mortgagee testified that the attorney for the petitioner asked if the mortgagee had any offer of settlement to make. The attorneys then conferred together and agreed upon the arrangement hereinbefore referred to, submitted it to the petitioner, who was in court, and he accepted the offer. The two attorneys then approached the bench and announced that the case had been settled and that the attorney for the mortgagee would submit to the court a stipulation, findings, and order. We think this was a binding

settlement of the litigation notwithstanding the terms had not been incorporated in a written stipulation or memorial of the completed settlement. That stipulation was to be merely a convenient record of the definite and binding contract entered into in open court, and its absence does not affect the binding force of the contract. Mississippi & D. S. Co. Ltd. v. Swift, 86 Me. 248, 29 A. 1063, 41 A. S. R. 545; Lee v. Rudd, 120 Misc. 407, 198 N. Y. S. 628; Gass v. Arons, 131 Misc. 502, 227 N. Y. S. 282. The petitioner also contends that the case was not on trial and hence there could be no settlement in open court. The case was before the court, both counsel were present, and it was an appropriate time to dispose of the case. It is true that the terms of the settlement were not announced to the court. Normally the terms should be announced to the court and taken down by the reporter, but failure to do this did not vitiate the settlement which the court found was made. It is further contended that the petitioner did not consent to the terms of the settlement in open court, but we find that he admitted that he was in court, and there is testimony to the effect that his attorney submitted to him the terms of the agreement.

■ It is also contended by the petitioner that until the agreement was reduced to writing it was not a basis for an order under L. 1933, c. 339, part 1, § 3.1, 3 Mason Minn. St. 1934 Supp. § 9633-4 (mortgage moratorium act). As we view that section it applies to a foreclosure by action and to compromise settlements thereof by the parties thereto. It does not apply to a proceeding of the character which was before the court herein.

■ Nor do we think that the inclusion of the agreement in regard to the mechanical stoker brought the arrangement within the statute of frauds. South Baltimore Co. v. Muhlbach, 69 Md. 395, 16 A. 117, 1 L. R. A. 507.

The writ is discharged, and the decision of the district court is affirmed.