## GUERNSEY *v.* LOYOLA FEDERAL SAVINGS AND LOAN ASSOCIATION

[No. 319, September Term, 1960.]

78

*Decided July 6, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, MARBURY and SYBERT, JJ.

*Johnson Bowie* for the appellant.

The Court declined to hear argument for the appellee. *Richard D. Biggs, V. Charles Rinaudo, Mathias J. DeVito* and *Piper & Marbury* on the brief for the appellee.

PER CURIAM.

Harriett D. Guernsey, plaintiff-appellant, sued Loyola Federal Savings and Loan Association, defendant-appellee, for allegedly permitting a policy of insurance on the life of her hus-

band to lapse. The policy had been taken out by Mr. Guernsey on November 18, 1949 with a Virginia life insurance company. Its agreed purpose was to secure an outstanding balance of $10,000 owed under a mortgage executed on April 22, 1947 by Mr. and Mrs. Guernsey to Loyola as mortgagee, to enable the Guernseys to purchase a home.

The policy provided for insurance in the initial amount of $10,000 with ultimate coverage scaling down to $4,000. Mr. Guernsey named his wife, appellant, as primary beneficiary and his children as contingent beneficiaries. He also reserved the right in the policy to change the beneficiaries during his lifetime without notice. Prior to issuance of the policy, it was assigned by Mr. Guernsey to Loyola on November 10, 1949 as collateral security for the mortgage. By a separate agreement Loyola was to advance the premiums on an annual basis and Mr. Guernsey was to repay Loyola for their cost on a monthly basis along with his mortgage payments. Mrs. Guernsey was made a party to the assignment since she was a party to the mortgage and primary beneficiary under the policy.

Mr. Guernsey apparently had difficulty meeting policy payments and shortly after obtaining a loan on the policy from the insurance company he requested Elizabeth Dettor, assistant secretary of Loyola, to have the policy cancelled. The policy was cancelled as of December 1, 1953, for non-payment of premiums and non-payment of the policy loan. The expense portion of the mortgage payments was then reduced accordingly to reflect the absence of premium payments.

On January 11, 1955 Mr. and Mrs. Guernsey refinanced the existing mortgage by giving Loyola a new mortgage for the amount then due. The memorandum of settlement for the new mortgage made no mention of life insurance, nor was any such insurance applied for or carried by the mortgagors. Mr. Guernsey died on December 21, 1957. At the trial of the present action, Mrs. Guernsey testified that she was not informed by Loyola or by anyone that the policy had lapsed until after the death of her husband and that as a result of the lapse she was required to pay the balance outstanding on the mortgage without the benefit of the insur-

ance. She also stated that she "didn't notice" the reduction in the expense account of the mortgage payments that resulted from discontinuing the policy.

Mrs. Dettor testified, over appellant's objection, that the policy was cancelled in December, 1953, at the request of Mr. Guernsey and that no premium charge was included in the Guernsey mortgage expense account thereafter. On cross-examination Mrs. Dettor also stated that there was no written direction by Mr. Guernsey to Loyola to cancel the policy and no record that Loyola had sent any notice to Mrs. Guernsey of the cancellation.

After Loyola had presented its case, the trial court directed a verdict in its favor, and from a judgment entered thereon, appellant took this appeal.

The sole question raised by appellant here is whether it was error for the trial court to allow Mrs. Dettor to testify as to Mr. Guernsey's cancellation of the insurance policy, over timely objection by appellant. Her contention is that such testimony is inadmissible under Code (1957), Art. 35, § 3, commonly known as the Dead Man's Statute.

In view of this Court's previous application of this statute and its predecessors, appellant's position is not tenable. It has been well established by this Court that an officer, director, or shareholder of a corporate party to a cause of action is not disqualified as a party from testifying under a statute such as the present Art. 35, § 3. *Flach v. Gottschalk Co.,* 88 Md. 368, 41 Atl. 908 (1898); *South Baltimore Co. v. Muhlbach,* 69 Md. 395, 16 Atl. 117 (1888). It is patent on the record that Mrs. Dettor, in her capacity as an assistant secretary with Loyola, was not a party to the action and was not disqualified from testifying in regard to her transactions with Mr. Guernsey prior to his death.

Secondly, the exclusion of witnesses under Art. 35, § 3, has been strictly construed by this Court and is applied only to proceedings brought by or against an executor, administrator, heir, devisee, legatee or distributee *as such.* Beyond this narrowly defined area it has no application. *Sheeler v. Sheeler,* 207 Md. 264, 114 A. 2d 62 (1955). Cf. *Register of*

*Wills v. Blackway,* 217 Md. 1, 141 A. 2d 713 (1958), and *State, Use of Miles v. Brainin,* 224 Md. 156, 167 A. 2d 117 (1961). The action before us was brought by appellant in her capacity as beneficiary of a contract of insurance on the life of her husband. It is not a suit brought within the narrow area delineated by the statute.

There is no indication from the record that the mode of cancellation of the policy by Mr. Guernsey was improper in any sense. The manager of the Baltimore agency of the insurance company conceded in his testimony that the policy was Mr. Guernsey's "to do with as he pleases" during his lifetime, including the right to change the beneficiary without notice to the beneficiary. Since there is nothing in the insurance contract placed in evidence to indicate that notice to the beneficiary was required in case of cancellation, the lack of formal notice to Mrs. Guernsey was immaterial.

Since the trial court did not err in directing a verdict for Loyola, the judgment will be affirmed.

*Judgment affirmed, appellant to pay the costs.*