MABEL ROGALLA v. DERLENE RUBBELKE AND OTHERS.

112 N. W. (2d) 581.

December 22, 1961—No. 38,381.

*Stacker & Stacker, Silver, Goff, Ryan & Cochrane,* and *Allen H. Aaron,* for appellant.

*Tyrrell, Jardine, Logan & O'Brien* and *Raymond W. Fitch,* for respondent Biajini.

*Spence, Baglio & Kail,* for respondent Rubbelke.

*Murnane, Murnane, Battis & deLambert,* for respondent Ringold.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court.

Plaintiff in her complaint alleged that there was an automobile accident October 31, 1956, on Maryland Avenue in St. Paul, in which her car collided with those operated by each of the three defendants. She alleged negligence on the part of each defendant and claimed damages for injury to her person and her automobile and for loss of profits from her business, in the total sum of $20,000. Separate answers, each denying liability, were served on behalf of the defendants.

When the case came on for trial January 6, 1959, counsel for one of the defendants made the following statement in open court:

"Judge, may the record show that the parties, through their respective attorneys and in the presence of the plaintiff, Mabel Rogalla, stipulate that this action may be dismissed with prejudice and without further costs to any of the parties upon presentation to plaintiff's attorney of drafts totaling $4,350.00, accompanied by the usual releases and closing papers, and that the plaintiff agrees to execute those releases. * * *

\* \* \* \* \*

"And may the record also show that it is stipulated that the plaintiff either personally or through her attorney, depending upon his preference, will execute the usual stipulations of dismissal to accompany the return of the releases."

After some further explanations, including discussion of matters pertaining to plaintiff's insurance coverage, the trial court questioned the plaintiff as follows:

"The Court: The only question the Court wants to ask is, do you authorize your lawyer to enter into this settlement, and you are here present and agree to it?

"Mrs. Rogalla: Yes.

"The Court: I think it is a smart thing to do.

"Mrs. Rogalla: Thank you."

The case was thereupon stricken from the calendar, but the court did not enter a formal dismissal. On that same day the defendants tendered drafts for $4,350, which the record shows are still in the possession of the attorneys who represented plaintiff at the time the case came on for trial. Plaintiff did not cash them nor did she execute the release forms.

On November 14, 1960, the defendants moved the court to dismiss plaintiff's action. The grounds asserted in support of the motion included the settlement set forth above. After a hearing the court ordered the action dismissed with prejudice. Judgment pursuant to the order was entered on January 16, 1961, and plaintiff appealed therefrom.

It is the contention of the plaintiff that the proceedings of January 6, 1959, show an accord between the parties but that there has never

been a satisfaction. She cites various cases to the effect that an accord is no defense unless fully executed.

Defendants, on the other hand, claim that this was a compromise and settlement and is binding though unexecuted on the part of plaintiff. They also contend that the proceedings constitute a judgment by consent or consent for dismissal.

The rules governing accord and satisfaction have been vigorously attacked as a vestige of the common-law rule prohibiting suspension of a cause of action. Davis, *The Executory Accord: Effect of New Agreement on Original Obligation,* 12 Ark. L. Rev. 160 (1958); and see, Restatement, Contracts, § 417.

However, we do not consider it necessary, under the record here, to go into the merits of the rules, as it is our opinion that the proceedings of January 6, 1959, constitute a settlement or stipulation which is binding on the plaintiff. Here we have a situation where the trial judge at the time the case was called for trial and another trial judge, who ordered judgment of dismissal some 22 months afterward, were both of the opinion that the settlement was proper. The latter judge stated:

"* * * I don't know of any more that either the Court or counsel could have done to have brought about a settlement of this lawsuit, and I'm of the opinion that for all purposes the matter was settled; that it was a fair settlement; that it had the informal approval of the Court, and that that is all there is to it; that some place there must be a point where litigation comes to an end."

In State ex rel. Bassin v. District Court, 194 Minn. 32, 34, 259 N. W. 542, 543, an agreement of settlement made in open court was held to be binding. This court stated:

"* * * It is true that the terms of the settlement were not announced to the court. Normally the terms should be announced to the court and taken down by the reporter, but failure to do this did not vitiate the settlement which the court found was made."

Here, the terms were announced to the court and taken down by the reporter, with full protection of plaintiff's rights.

It seems to us under the record here, where no fraud or bad faith

is shown, that if we were to allow a settlement made in open court to be reopened many months later at the whim of either party, it would create uncertainty, chaos, and confusion as to the effect of settlements in future cases. This would be an injustice both to the courts in which settlements were made, and to the litigants involved, who depend on the reliability of such settlements. It is our opinion that the judgment appealed from should be affirmed.

Affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.