STATE of Minnesota, Plaintiff,

v.

Christy Lynn ARENDS, Defendant.

No. A09–2082.

Court of Appeals of Minnesota.

Aug. 10, 2010.

886

Lori Swanson, Attorney General, St. Paul, MN; and Boyd Beccue, Kandiyohi County Attorney, C.J. Crowell, Assistant Kandiyohi County Attorney, Willmar, MN, for plaintiff.

John E. Mack, Mack & Daby, New London, MN, for defendant.

Considered and decided by MINGE, Presiding Judge; KLAPHAKE, Judge; and HUDSON, Judge.

## OPINION

HUDSON, Judge.

The state charged defendant with theft by swindle arising out of the alleged unauthorized use of a credit card issued in the

name of her former employer. Defendant had recently settled a civil wrongful-termination action against the employer in which the employer asserted counterclaims arising from the alleged theft. The settlement agreement provided that both parties agreed to release all claims arising from the defendant's employment and to take nothing in settlement of those claims. The district court certified as important or doubtful the question of whether a complete settlement of all claims in a civil action between a defendant and an alleged victim of economic loss precludes the state from seeking restitution on behalf of that victim in a related criminal case. We answer the certified question in the affirmative.

## FACTS

The state charged defendant Christy Lynn Arends by amended complaint with six counts of theft by swindle, in violation of Minn.Stat. § 609.52, subds. 2(4), 3(2) (2006), 3(3)(a) (Supp.2007). The state alleged that defendant had fraudulently obtained a credit card jointly in her name and that of her former employer (the victim) and had charged more than $40,000 in unauthorized purchases with the credit card in 2007 and 2008.

Defendant filed a civil action against the victim claiming wrongful termination, among other claims. The victim asserted counterclaims arising from the alleged theft, including conversion, breach of contract, and breach of fiduciary duty. The parties reached a mediated settlement agreement, by which they agreed to pay each other nothing and to release each other "from all claims or demands, whether known or unknown, . . . arising out of any acts or omissions related to [defendant]'s employment . . . or separation from employment." The parties stipulated to dismissal of the civil matter with prejudice in accordance with the settlement agreement.

Defendant argued that the civil settlement agreement precludes restitution in this case, and the parties initially agreed to seek certification of the question of whether a complete settlement agreement in a civil action, which arises out of the same facts as a criminal prosecution, precludes the state from seeking restitution. The district court concluded that the civil settlement agreement limited the state to seeking restitution in the maximum amount agreed to by the parties in the civil settlement, which was zero, but issued its order certifying the question to this court as important and doubtful under Minn. R.Crim. P. 28.03. The district court denied the state's later request to withdraw the certification order.

The state subsequently moved this court to dismiss the certified question, alleging that the record and briefing were inadequate and that the issue of restitution was premature. This court declined to dismiss the certified question but reserved further consideration of the issue.

## ISSUE

Does the complete settlement of all claims in a civil action between a defendant and an alleged victim of economic loss that relates to the same subject matter as a criminal prosecution preclude the state from seeking restitution in the criminal matter?

## ANALYSIS

The district court may certify a question in a criminal prosecution as "important or doubtful" if the defendant consents and if the court properly frames and decides the question. Minn. R.Crim. P. 28.03; *State v. Brink*, 500 N.W.2d 799, 802 (Minn.App. 1993).

The state seeks dismissal of the certified question, arguing that the issue is premature and based on an incomplete record because the parties did not brief the issue, and because the record does not include a signed copy of the settlement agreement. A certified question should not address a hypothetical issue and should not be presented "until the record is sufficiently developed to present a substantive issue." *State v. Filipovic*, 312 Minn. 147, 151, 251 N.W.2d 110, 112 (1977).

"[T]he purpose of the rule [of certification procedure] is to obtain an answer from an appellate court on a question of law that is embedded within a matter pending in the district court." *State v. Knoch*, 781 N.W.2d 170, 176 (Minn.App. 2010), *review denied* (Minn. June 29, 2010). Here, the certified question is not hypothetical because pretrial plea negotiations would likely be affected by a ruling on the availability of restitution. *See id.* (concluding that certified question was not hypothetical when its answer would assist district court in ruling on motion to dismiss); *see also State v. Chapman*, 362 N.W.2d 401, 404 (Minn.App.1985) (holding that plea agreement for "major economic offense" should include terms regarding restitution), *review denied* (Minn. May 1, 1985).

In its certification order, the district court found that the parties "reached a mediated settlement" and quoted from the terms of the settlement agreement. Neither party disputes this finding, and the record includes an unsigned copy of the settlement agreement. Although a more complete record would have been helpful to this court, we conclude that the record is sufficiently developed to present the substantive legal issue of the settlement's effect on the availability of restitution in the related criminal case.

The state also argues that the matter is not doubtful because the restitution statute provides that the availability of a civil action shall not interfere with a victim's right to obtain restitution. *See* Minn.Stat. § 611A.04, subd. 1(a) (2008) (stating that "[a]n actual or prospective civil action involving the alleged crime shall not be used by the court as a basis to deny a victim's right to obtain court-ordered restitution"). But the statute does not directly address the current situation, in which the alleged victim-employer has asserted counterclaims related to the criminal offense in a civil action brought by the defendant, and the victim has made a complete settlement of those claims.

The state additionally notes that this court has concluded that a settlement agreement in a civil action did not preclude the victim's parents from seeking restitution for lost wages incurred while caring for the victim, when the parents were not parties to the agreement. *See In re Welfare of M.R.H.*, 716 N.W.2d 349, 352 (Minn.App.2006), *review denied* (Minn. Aug. 15, 2006). But the issue in *M.R.H.*, while similar, is not dispositive of the certified question because the court in *M.R.H.* relied primarily on the fact that the settling parties were not identical to the parties seeking restitution. *See id.* Here, the settling party—defendant's former employer—is the same party seeking restitution. Therefore, we conclude that the certified issue is important or doubtful, and we decline to reconsider our previous order denying the motion to dismiss.

We next turn to the resolution of the certified question. Certified questions are questions of law, which this court reviews de novo. *Fedziuk v. Comm'r of Pub. Safety*, 696 N.W.2d 340, 344 (Minn. 2005).

If a person is convicted of a crime, "a victim ... has the right to receive

restitution as part of the disposition of [the] criminal charge." Minn.Stat. § 611A.04, subd. 1(a); *see State v. Palubicki,* 727 N.W.2d 662, 666 (Minn.2007) (stating that the primary purpose of restitution statute is to restore crime victims to their financial position before the commission of the crime). The statute authorizing restitution in a criminal case provides that the district court may not use "[a]n actual or prospective civil action involving the alleged crime ... as a basis to deny a victim's right to obtain court-ordered restitution." Minn.Stat. § 611A.04, subd. 1(a). But the statute does not address the issue presented here, when an alleged victim has, in a civil action, previously settled all claims that relate to a criminal offense.

In examining claims of restitution, the district court must consider "the amount of economic loss sustained by the victim as a result of the offense," as well as the resources, income, and obligations of the defendant. Minn.Stat. § 611A.045, subd. 1(a) (2008). The victim must produce information relating to the loss, including the items of loss, the dollar amount claimed, and the reasons justifying that amount. Minn.Stat. § 611A.04, subd. 1(a); *see State v. Keehn,* 554 N.W.2d 405, 408 (Minn.App.1996) (stating that the record must provide a factual basis to establish an award and that the victim must state the nature and amount of the losses with reasonable specificity), *review denied* (Minn. Dec. 17, 1996). An offender who wishes to dispute the amount of restitution has the burden to produce evidence challenging the items requested, but the state has the burden to prove, by a preponderance of the evidence, the appropriateness of a certain type of restitution and the amount of loss sustained. Minn.Stat. § 611A.045, subd. 3 (2008). Because proof of economic loss resulting from the offense is required to grant restitution, if a victim has not, in fact, sustained such a loss, restitution is inappropriate. *See id.*

A valid settlement agreement is final, conclusive, and binding upon the parties. *Theis v. Theis,* 271 Minn. 199, 204, 135 N.W.2d 740, 744 (1965). Good-faith settlements are favored and presumed valid. *Eggleston v. Keller Drug Co.,* 265 Minn. 78, 81–82, 120 N.W.2d 305, 307 (1963). An injured party who has accepted satisfaction from one source cannot recover again for the same injury. *Driessen v. Moening,* 208 Minn. 356, 360, 294 N.W. 206, 208 (1940).

Here, the parties signed a civil settlement agreement resolving all claims between them relating to the subject matter of the criminal complaint. There has been no allegation that the agreement was voidable because of fraud or mistake, that it failed to represent a complete settlement, or is otherwise invalid. *Cf. Hoyt Props., Inc. v. Prod. Res. Group, L.L.C.,* 716 N.W.2d 366 (Minn.App.2006) (considering rescission of settlement agreement based on alleged fraud), *aff'd,* 736 N.W.2d 313 (Minn.2007). And because the settlement agreement imposed no payment obligation on either party, the victim-employer has suffered no uncompensated loss that might have resulted from the defendant's failure to pay such an obligation. We conclude that when an alleged victim has made a complete, valid civil settlement of all claims resulting from a criminal offense, the state is precluded from seeking restitution.

## DECISION

The complete and valid settlement of all claims in a civil action brought by a plaintiff who is the defendant in a related criminal matter, including counterclaims of economic loss by the alleged victim resulting from the offense, precludes the state from seeking restitution for that economic

loss on behalf of that victim in the criminal matter.

**Certified question answered in the affirmative.**