**STATE of Minnesota, Respondent,**

v.

**Sheri Lynn KNUTSON, Appellant.**

**No. A12–0955.**

Court of Appeals of Minnesota.

April 8, 2013.

Lori Swanson, Attorney General, St. Paul, Minnesota; and Richard R. Maes, Lyon County Attorney, Tricia Zimmer, Assistant County Attorney, Marshall, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by JOHNSON, Chief Judge; WORKE, Judge; and SCHELLHAS, Judge.

## OPINION

JOHNSON, Chief Judge.

Sheri Lynn Knutson pleaded guilty to three offenses and was ordered to pay a fine and restitution. She made a series of installment payments to the district court administrator, who treated the payments as restitution and disbursed the funds to the victims of Knutson's crimes. But the district court later modified Knutson's sentence by eliminating the restitution obligation. Knutson then sought to apply her payments to her fine so that her obligation to pay the fine would be fully satisfied. The district court denied her request. We conclude that the district court erred by not applying Knutson's payments to her fine and, therefore, reverse and remand.

## FACTS

During the evening of October 15, 2008, Knutson was operating a motor vehicle near the city of Cottonwood when she caused a collision with another vehicle. Knutson's two passengers were injured, and the driver of the other vehicle, A.G., suffered a broken leg, which required surgery and other treatment. Knutson admitted to a state trooper that she had been drinking, and a subsequent test of a blood sample revealed an alcohol concentration of .14.

In February 2009, the state charged Knutson with three counts of negligent criminal vehicular injury as a result of operating a motor vehicle while under the influence of alcohol, in violation of Minn. Stat. § 609.21, subd. 1(2)(i) (2008), and three counts of criminal vehicular injury as a result of operating a motor vehicle while having an alcohol concentration of .08 or more, in violation of Minn.Stat. § 609.21, subd. 1(3) (2008). On June 15, 2009, the state filed a certificate of restitution in which it sought $10,077.65 to reimburse A.G.'s family and his medical insurer for medical expenses.

On June 16, 2009, Knutson pleaded guilty to the first three counts. The state dismissed the remaining counts. On August 11, 2009, the district court adjudicated Knutson guilty but stayed imposition of a sentence for three years, ordered Knutson to spend 210 days in jail, and placed her on supervised probation. The district court also ordered her to pay a $1,000 fine, a $75 surcharge, a $30 fee for a chemical-dependency assessment, a $28 public-defender co-pay fee, and a $10 law-library fee, for a total of $1,143. At the state's request, the district court deferred a final ruling on the issue of restitution because A.G.'s medical expenses were ongoing. The district court gave the state one year in which to file an amended certificate of restitution. The warrant of commitment indicates that the district court recognized a restitution obligation in an amount to be determined after one year.

At the conclusion of the sentencing hearing, the district court informed Knutson that she would be required to pay her fine, fees, and surcharge according to a payment schedule to be determined by a "screener collector" and suggested that Knutson meet with that person after the hearing. On the same day, Knutson signed a document entitled "Payment Agreement," which shows the "total fine due" as $1,143 and includes the following provision: "I have agreed to pay $0 toward my fine today and the balance at the rate of $34.00 per month; with payments to continue as scheduled until paid in full. My first payment is due on Sept. 11, 2009 and on the 11th of each month thereafter." Between August 2009 and July 2010, Knut-

son made ten payments to the court administrator totaling $1,293.

One year after the sentencing hearing, on August 11, 2010, the state filed an amended certificate of restitution in which it sought total restitution of $14,200.87. On August 26, 2010, Knutson challenged the state's restitution request on the ground that she had entered into an agreement with A.G. in August 2009 to resolve a civil action and that the settlement provided A.G.'s family with $100,000 in compensation. *See State v. Arends*, 786 N.W.2d 885, 889–90 (Minn.App.2010) (holding that civil settlement benefitting crime victim precludes state from seeking restitution for that victim's losses), *review denied* (Minn. Oct. 27, 2010). On October 12, 2010, the district court sustained Knutson's challenge in part and reduced her restitution obligation by the amount sought by A.G.'s family. In June 2011, Knutson renewed her challenge with respect to her restitution obligation to the medical insurer, and the district court sustained the renewed challenge, thereby eliminating Knutson's restitution obligation in its entirety.

After the hearing on Knutson's challenge, the district court administrator filed an account summary, which stated that Knutson continued to owe $1,143 on her fine, fees, and surcharge. Thereafter, Knutson and her attorney learned that the district court administrator had made disbursements to A.G.'s family and medical insurer in November 2009 and July 2010 totaling $1,293, which is the total amount of the payments that Knutson had made to the district court administrator.

On October 31, 2011, Knutson filed a motion that essentially sought to modify her sentence by vacating her obligation to pay the fine, fees, and surcharge. *See* Minn. R.Crim. P. 27.03, subd. 9. She argued that she had made installment payments to the district court administrator for that purpose and that those payments were erroneously credited toward her restitution obligation and disbursed to the crime victims. Knutson sought relief in the form of a credit toward her fine, fees, and surcharge so that the obligation would be fully satisfied. The district court denied Knutson's motion. Knutson moved for reconsideration, and the district court denied that motion as well. The district court reasoned that Knutson is not prohibited from pursuing reimbursement from A.G.'s family and medical insurer and that to grant Knutson the relief she sought "could result in a windfall" to her.

Knutson appealed. A special term panel of this court previously accepted jurisdiction over the appeal and clarified that appellate review is limited to the district court's denial of Knutson's motion to reconsider the district court's prior denial of Knutson's motion to modify her sentence.

## ISSUE

Did Knutson satisfy her obligation to pay the fine, fees, and surcharge by making payments to the district court administrator?

## ANALYSIS

■ Knutson argues that the district court erred by denying her motion to reconsider the district court's prior denial of her motion to modify her sentence, which sought to apply her installment payments to her fine, fees, and surcharge. We apply an abuse-of-discretion standard of review to a district court's denial of a motion to reconsider. *See In re Welfare of S.M.E.*, 725 N.W.2d 740, 743 (Minn.2007). "A district court abuses its discretion when its ruling is based on an erroneous view of the law." *State v. Storkamp*, 656 N.W.2d 539, 541 (Minn.2003).

Knutson's argument is governed by one provision in the statutes concerning restitution: "When the court orders both the payment of restitution and the payment of a fine and the defendant does not pay the entire amount of court-ordered restitution and the fine at the same time, the court may order that all restitution shall be paid before the fine is paid." Minn.Stat. § 611A.04, subd. 4 (2012). By implication, if a district court does *not* issue an order providing that all restitution be paid before a fine is paid, a district court administrator may not apply a defendant's payments to the restitution obligation. *See id.*

In this case, the district court did not issue an order providing that Knutson's restitution obligation shall be paid before her fine, fees, and surcharge are paid. The state nonetheless contends that the district court did not err by not crediting Knutson's installment payments to her fine, fees, and surcharge. In the district court, the state contended that the district court administrator acted properly because it followed its long-standing policy that a defendant's payments be credited first toward any restitution obligation. On appeal, the state reiterates the same contention and also contends that Knutson did not give timely notice of the civil settlement with A.G.

Neither of the state's arguments has merit. A district court administrator may not implement and apply a policy that is inconsistent with a statute. Because the district court did not issue an order expressly stating that Knutson's payments shall be applied to her restitution obligation before her obligation to pay the fine, fees, and surcharge, the district court and the district court administrator had no authority to treat Knutson's payments as restitution and to disburse funds to the victims of Knutson's crimes. This is a suffi-

cient reason to reverse the district court's order.

In addition, Knutson cannot be faulted for not bringing the civil settlement to the district court's attention at an earlier date. She had signed a payment agreement that specifically referred to the fine that was ordered at her sentencing hearing. She reasonably believed that her payments to the district court administrator were being applied to her fine, fees, and surcharge. If the district court had issued an order expressly stating that her payments first would be applied to her restitution obligation, as required by section 611A.04, subdivision 4, Knutson would have been on notice of the district court administrator's intention to treat Knutson's payments as restitution and to disburse funds to A.G.'s family and medical insurer. In that event, Knutson could have objected to the district court's order and thereby prevented the diversion of her payments to A.G.'s family and medical insurer. The district court administrator did not begin disbursing funds to A.G.'s family and medical insurer until November 2009, which means that Knutson would have had three months of time after the civil settlement in which to prevent the disbursement of funds to the victims of her crime.

Thus, Knutson's payments of $1,293 should have been credited toward her obligation to pay her fine, fees, and surcharge. The district court erred by denying Knutson's motion to reconsider because the district court's prior order was based on an error of law. Accordingly, we reverse and remand to the district court with instructions to enter an order stating that Knutson has satisfied her obligation to pay the fine, fees, and surcharge.

## DECISION

The district court erred by denying Knutson's motion to reconsider the district

court's prior order denying her motion to modify her sentence. Therefore, we reverse and remand for further proceedings.

**Reversed and remanded.**